STATE of Indiana, Appellant–Plaintiff,

v.

Michael Angelo DAVIS, Appellee–Defendant.

No. 53A05–0109–CR–404.

Court of Appeals of Indiana.

May 15, 2002.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

The State appeals the trial court's suppression of cocaine that police recovered from · the residence of Michael Angelo Davis following the execution of a telephonic search warrant. The State presents the following two issues for our review:

1. Whether the trial court erred when it found that the search warrant was invalid under Indiana Code Section 35–33–5–8.

2. Whether the trial court erred when it determined that the "good-faith exception" to the exclusionary rule did not salvage the search of Davis' residence.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In February 2001, Bloomington City Police Officer William Jeffers learned from a reliable source that Davis was selling narcotics from his residence and that he was currently in possession of cocaine. Officer Jeffers decided to seek a telephonic search warrant, using a tape recorder set up at the police station. Officer Jeffers first tested the recorder by recording a call from another officer and then called Judge Bridges to secure the search warrant.

During the call, Officer Jeffers identified himself to the judge, told him the probable cause information regarding Davis' alleged drug activities,[1] and asked that the judge issue a search warrant for Davis' residence. Judge Bridges granted the search warrant and instructed Officer Jeffers to sign the judge's name to the warrant and then his own name on the line below. Officer Jeffers complied and wrote on the warrant the time that it issued. Officer Jeffers and other officers then executed the warrant and discovered several bags of crack cocaine and $1270 in cash at Davis' residence.

The State charged Davis with two counts of Dealing in Cocaine, as Class A and B felonies, respectively. Prior to trial, Davis moved to suppress the evidence found in his apartment, arguing that the search warrant was invalid because Officer Jeffers failed to record the warrant conversation with Judge Bridges. While Officer Jeffers' "test" recording was on the audiotape, his subsequent conversation with the judge had, for unknown reasons, not been recorded. Following a hearing, the trial court granted Davis' motion to suppress, finding, in part:

> Whether by telephone or by affidavit, warrants are procured through strict procedural safeguards that provide the appropriate level of Fourth Amendment protection to defendants. Although Indiana courts have seen fit to relax other procedural safeguards in the Telephonic Warrant [Statute], the requirement that an audio recording be made is an absolute necessity to insure that an adequate Fourth Amendment protection is afforded a defendant against whom a telephonic warrant issued.

As a result, the court dismissed the charges against Davis, without prejudice. This appeal followed.

## DISCUSSION AND DECISION

### Standard of Review

 The State has the burden to demonstrate that the measures it used to seize the information or evidence were constitutional. *State v. Eichholtz,* 752 N.E.2d 163, 164 (Ind.Ct.App.2001). When the State appeals the trial court's grant of the defendant's motion to suppress evidence, the State is appealing from a negative judgment. *Id.* Consequently, the State has the burden of demonstrating to us that the evidence is without conflict and that the evidence and all reasonable inferences therefrom lead to the conclusion opposite that reached by the trial court. *Id.* During our review, we consider only the evidence most favorable to the judgment, and we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.*

### Telephonic Search Warrant

 The State contends that the trial court erred when it granted Davis' motion to suppress the evidence seized from his residence. Specifically, the State maintains that the telephonic search warrant was valid, and that even if the warrant were defective, the "good-faith exception" to the exclusionary rule renders the subsequent search of Davis' residence constitutional and the evidence seized during that search admissible. We must disagree.

Indiana Code Section 35–33–5–8 governs the issuance of telephonic search warrants and provides, in relevant part:

> (a) A judge may issue a search or arrest warrant without the affidavit required under section 2 of this chapter, if the judge receives sworn testimony of the same facts required for an affidavit:

---

1. The parties do not dispute that probable cause existed to issue the search warrant.

\* \* \*

(2) orally by telephone or radio....

\* \* \*

(b) After reciting the facts required for an affidavit and verifying the facts recited under penalty of perjury, an applicant for a warrant under subsection (a)(2) shall read to the judge from a warrant form on which the applicant enters the information read by the applicant to the judge. The judge may direct the applicant to modify the warrant. If the judge agrees to issue the warrant, the judge shall direct the applicant to sign the judge's name to the warrant, adding the time of the issuance of the warrant.

\* \* \*

(d) If a warrant is issued under subsection (a)(2), the judge shall record the conversation on audio tape and order the court reporter to type or transcribe the recording for entry in the record. The judge shall certify the [audiotape], the transcription, and the warrant retained by the judge for entry in the record.

\* \* \*

(f) The court reporter shall notify the applicant who received a warrant under subsection (a)(2) ... when the transcription or copy required under this section is entered in the record. The applicant shall sign the typed, transcribed, or copied entry upon receiving notice from the court reporter.

 The intent of the telephonic warrants provision is to encourage the procurement of warrants in situations involving exigent circumstances, when a warrant might not otherwise be sought. *Cutter v. State*, 646 N.E.2d 704, 713 (Ind.Ct.App. 1995), *trans. denied.* It was not the legislature's intent that the standard of probable cause for obtaining warrants be relaxed. *Id.* To that end, the procedures set out in the statute are intended to insure that the party supplying information upon which a warrant is to be issued attests to a belief in the accuracy of his representations, and that the presiding magistrate also attests, in the form of judicial certification, to the fact that proper procedures were observed. *Id.*

Here, Officer Jeffers attempted to record the telephone conversation[2] with Judge Bridges, but the machine inexplicably failed to record it. The State, thus, cannot demonstrate whether (1) Officer Jeffers recited and verified the facts under penalty of perjury, (2) read to the judge from the warrant form, or (3) whether the judge directed Officer Jeffers to modify the warrant, all of which are explicit statutory requirements. *See* Ind.Code § 35–33–5–8(b). Further, because there was no tape recording, the court reporter here could not transcribe the conversation and the judge could not certify the audiotape and the transcription for entry into the record, all of which are, again, explicit statutory requirements. *See* I.C. § 35–33–5–8(d). As a result, the court reporter could not notify Officer Jeffers when the transcription was entered into the record, and, thus, Officer Jeffers could not fulfill his obligation to affix his signature to that transcription. *See* I.C. § 35–33–5–8(f). In fact, the only evidence here that a telephonic search warrant was ever executed is the paper warrant and Officer Jeffers' testimony at the suppression hearing.

2. While the statute provides that "the judge shall record the conversation on audio tape," we determined in *Cutter* that the intent of the statute was satisfied if the applicant recorded the conversation instead. *See Cutter*, 646 N.E.2d at 712.

That evidence does not begin to satisfy the requirements of the warrant statute.[3]

In *Cutter* we declined to elevate form over substance and, instead, upheld a telephonic search warrant where (1) it was taped by the applicant not by the judge, (2) the applicant was not sworn, (3) the officers did not sign the transcript of the telephone call, and (4) the judge did not comply with the certification procedures. But there, the procedural deficiencies were excusable because the warrant conversation was actually recorded and the sufficiency of the warrant was, thus, capable of independent verification. That is not the case here, where, in addition to procedural irregularities, there is no actual recorded conversation.

This case is more akin to *Timmons v. State*, 723 N.E.2d 916, 920 (Ind.Ct.App. 2000), *aff'd in part, rev'd in part on rehearing by* 734 N.E.2d 1084 (Ind.Ct.App.) (*Timmons II*), *trans. denied*, where we declared a telephonic search warrant invalid because the only statutory requirements that were satisfied were the officer's testimony under oath and the actual recording of the conversation. Indeed, the officer there did not read from a warrant form, the judge never advised the officer to affix her signature to the warrant, no warrant was actually ever issued, and neither the judge nor the officer certified the audio tape or transcription. *Id.* at 920. When, in addition to numerous procedural defects, the warrant conversation is not recorded, as in this case, the result is a near total failure to comply with the procedures set out in the statute. *See id.* The warrant in this case is more appropriately characterized as nonexistent. *Id.*

### Good Faith Exception

■ The State argues alternatively that even if the warrant did not satisfy the statutory requirements, the evidence obtained from Davis' residence should not be suppressed because Officer Jeffers' actions fall within the "good-faith exception" to the exclusionary rule. Again, we must disagree.

In *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the United States Supreme Court held that the exclusionary rule does not require the suppression of evidence obtained in reliance on a defective search warrant if the police relied on the warrant in objective good faith. *Timmons II*, 734 N.E.2d at 1087. Indiana has codified the "good-faith exception" to the exclusionary rule. That statute provides, in relevant part:

(a) ... [T]he court may not grant a motion to exclude evidence on the grounds that the search or seizure by which the evidence was obtained was unlawful if the evidence was obtained ... in good faith.

(b) For purposes of this section, evidence is obtained ... in good faith if:

(1) it is obtained pursuant to:

(A) a search warrant that was properly issued upon a determination of probable cause by a neutral and detached magistrate, that is free from obvious defects other than nondeliberate errors made in its preparation, and that was reasonably believed by the law enforcement officer to be valid....

Ind.Code § 35–37–4–5.

Here, the search warrant was not properly issued. As previously discussed, the warrant conversation was not recorded,

---

**3.** Although the record indicates that it was presented to the trial court, the record on appeal does not contain a copy of the actual paper search warrant used to gain entrance to Davis' residence.

which prevented independent verification of several statutory requirements including whether (1) Officer Jeffers recited and verified the facts under penalty of perjury, (2) he read to the judge from the warrant form, and (3) whether the judge directed Officer Jeffers to modify the warrant. *See* I.C. § 35–33–5–8(b). While the erroneous procedure followed here was not deliberate, neither does it approach substantial compliance with the statute. Save for the actual paper warrant, the search warrant failed to comply with virtually all of the remaining statutory requirements.

■■■ It is imperative that judicial officers have complete information when deciding whether there is probable cause to issue a search warrant. *Newby v. State*, 701 N.E.2d 593, 603 (Ind.Ct.App.1998). And, in applying *Leon*, it is only when all relevant information has been provided that the magistrate can make the neutral and detached determination the Fourth Amendment requires. *See Jaggers v. State*, 687 N.E.2d 180, 185 (Ind.1997). That determination is subject to judicial review. Here, without the audiotape, which is the centerpiece of the statute, neither the trial court nor this court can verify whether the warrant was properly issued or whether the search was executed in objective good faith reliance on the warrant. Thus, we agree with the trial court's finding that an audio recording "is an absolute necessity." We would have to disregard not only the statute but also the right to meaningful judicial review of whether the warrant was properly issued to hold

that the "good-faith exception" saves the evidence gathered from Davis' residence. Under these circumstances, the warrant was neither "properly issued" nor "free from obvious defects," and, hence, there was no legitimate factual basis to support a good faith belief that the warrant was valid.[4] *See Timmons II*, 734 N.E.2d at 1088.

## Conclusion

The telephonic search warrant here was defective because it did not satisfy the requirements of Indiana Code Section 35–33–5–8. Without an audiotape or transcription, neither the sufficiency of the warrant nor Officer Jeffers' reasonable belief that the warrant was valid is capable of independent verification through judicial review. Thus, the evidence from Davis' residence was obtained unlawfully, and the "good-faith exception" to the exclusionary rule does not render the evidence seized during the search admissible. The trial court did not err when it granted Davis' motion to suppress the evidence obtained during the search of his residence.

Affirmed.

ROBB, J., and BAILEY, J., concur.

---

**4.** Interestingly, Officer Jeffers testified at the suppression hearing that, although he had received training on how to obtain a telephonic warrant, he had never actually read the statute. And while Officer Jeffers tested the tape recorder before calling the judge to make sure that it was operational, he did not verify that he had recorded his conversation with the judge before executing the warrant.

Had Officer Jeffers checked the recording before executing the warrant, he would have discovered that the tape recorder had failed, and he could have then called the judge back to re-record their conversation. That simple step could have eliminated many of the procedural defects associated with the issuance of the warrant in this case.