Chris VOLZ, III, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 69A05–0107–CR–297.

Court of Appeals of Indiana.

Aug. 26, 2002.

Ross G. Thomas, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cecilia K. Hemphill, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

## STATEMENT OF THE CASE

Chris Volz, III appeals the trial court's denial of his motion to suppress evidence police obtained following the execution of a telephonic search warrant. Volz presents two issues for our review which we consolidate and restate as whether the trial court erred when it found that the search warrant was valid under Indiana Code Section 35–33–5–8.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On June 24, 2000, Officer Jeffrey Davies of the Milan Police Department initiated a traffic stop after observing the driver of a pick-up truck commit several traffic offenses. Karen Mitchell was sitting in the driver's seat and Dennis Mitchell, the owner of the truck, was sitting in the passenger's seat. After smelling an odor of marijuana in the truck, Officer Davies obtained Dennis' consent to search the truck, and he found partially burnt marijuana cigarettes in the ashtray, a plastic baggie containing a white residue, and several unused plastic baggies. Officer Brian Noble arrived at the scene and interviewed Dennis, who admitted that he had snorted cocaine at his residence approximately one hour earlier. Dennis also told Officer Davies that Karen had brought cocaine to his house, where they snorted it before leaving. Officer Davies arrested Dennis and Karen and, during a search incident to incarceration, Officer Davies found a bag-

gie containing cocaine in Dennis' shirt pocket.

Based upon this information, Officer Davies decided to seek a telephonic warrant to search Dennis' house using a tape recorder set up at the Ripley County Sheriff's Department. Officer Davies telephoned Judge James Morris to secure the search warrant. During the call, Officer Davies identified himself to the judge, told him the probable cause information regarding Dennis' alleged drug activities, and asked that the judge issue a search warrant for Dennis' residence. Judge Morris granted the search warrant and instructed Officer Davies to sign the judge's name to the warrant.

Officer Davies and other officers executed the warrant, and Chris Volz, III was present in Davies' home when the officers arrived. Officers initially performed a safety sweep of the house, and they observed cocaine and drug paraphernalia in plain view. Officer Davies concluded that the house constituted a common nuisance and arrested Volz for visiting a common nuisance.

A few days later, Officer Davies learned that the recording of his conversation with Judge Morris was defective and only portions of that conversation were actually recorded. In an attempt to satisfy the statutory requirements for telephonic search warrants, Officer Davies and Judge Morris testified at a hearing to reconstruct their conversation which was the basis for the search warrant, and that hearing was transcribed.

The State charged Volz with Possession of Cocaine Within 1000 Feet of a Park,[1] as a Class B felony, and Visiting a Common Nuisance, as a Class B misdemeanor. Pri-

---

1. The parties do not discuss, and our review of the record does not reveal, the circum- stances underlying this charge.

or to trial, Volz filed a motion to suppress evidence, arguing that the search warrant was invalid because the recording of Officer Davies and Judge Morris' telephone conversation was defective and incomplete. Following a hearing on Volz's motion to suppress, the trial court denied the motion. This interlocutory appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

Volz contends that the trial court erred when it denied his motion to suppress the evidence seized pursuant to the telephonic search warrant. Specifically, Volz maintains that the telephonic search warrant was invalid since there was neither an affidavit nor sufficient testimony to support it. We must agree.

■ We review the denial of a motion to suppress in a manner similar to other sufficiency matters. *Morales v. State*, 749 N.E.2d 1260, 1265 (Ind.Ct.App.2001). We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id.* However, unlike the typical sufficiency of the evidence case where only the evidence favorable to the judgment is considered, we must also consider the uncontested evidence favorable to the defendant. *Id.* A court reviewing the issuance of a search warrant must focus on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. *See Jaggers v. State*, 687 N.E.2d 180, 181–82 (Ind.1997). The reviewing court includes both the trial court ruling on the motion to suppress and an appellate court reviewing that decision. *Id.* at 182.

Indiana Code Section 35–33–5–8 governs the issuance of telephonic search warrants and provides, in relevant part:

(a) A judge may issue a search or arrest warrant without the affidavit required under section 2 of this chapter, if the judge receives sworn testimony of the same facts required for an affidavit:

\* \* \*

(2) orally by telephone or radio. . . .

\* \* \*

(b) After reciting the facts required for an affidavit and verifying the facts recited under penalty of perjury, an applicant for a warrant under subsection (a)(2) shall read to the judge from a warrant form on which the applicant enters the information read by the applicant to the judge. The judge may direct the applicant to modify the warrant. If the judge agrees to issue the warrant, the judge shall direct the applicant to sign the judge's name to the warrant, adding the time of the issuance of the warrant.

\* \* \*

(d) If a warrant is issued under subsection (a)(2), the judge shall record the conversation on audio tape and order the court reporter to type or transcribe the recording for entry in the record. The judge shall certify the [audiotape], the transcription, and the warrant retained by the judge for entry in the record.

\* \* \*

(f) The court reporter shall notify the applicant who received a warrant under subsection (a)(2) . . . when the transcription or copy required under this section is entered in the record. The applicant shall sign the typed, transcribed, or copied entry upon receiving notice from the court reporter.

■ The intent of the telephonic warrants provision is to encourage the procurement of warrants in situations involving exigent circumstances, when a warrant

might not otherwise be sought.[2] *Cutter v. State*, 646 N.E.2d 704, 713 (Ind.Ct.App. 1995), *trans. denied.* It was not the legislature's intent that the standard of probable cause for obtaining warrants be relaxed. *Id.* To that end, the procedures set out in the statute are intended to insure that the party supplying information upon which a warrant is to be issued attests to a belief in the accuracy of his representations, and that the presiding magistrate also attests, in the form of judicial certification, to the fact that proper procedures were observed. *Id.* This court has also noted that one of the purposes of the recording requirement is to insure that "a reliable audiotape of the proceeding is made[.]" *Id.* at 712.

■ Here, Officer Davies attempted to record the telephone conversation[3] with Judge Morris, but the machine inexplicably failed to record significant portions of that conversation. While the transcript reveals that Officer Davies was properly sworn and that Judge Morris authorized Officer Davies to sign his name to the paper warrant, the transcript omits the majority of Officer Davies' recitation of the facts constituting probable cause for the warrant. Indeed, Judge Morris testified at the suppression hearing that the facts that were recorded and transcribed were "probably not" sufficient to establish probable cause. The partial recording does not demonstrate whether (1) Officer Davies recited and verified *all* of the facts under penalty of perjury, (2) read to the judge

from the warrant form, or (3) whether the judge directed Officer Davies to modify the warrant, all of which are explicit statutory requirements. *See* Ind.Code § 35–33–5–8(b).

In *Cutter* we declined to elevate form over substance and, instead, upheld a telephonic search warrant where (1) it was taped by the applicant not by the judge, (2) the applicant was not sworn, (3) the officers did not sign the transcript of the telephone call, and (4) the judge did not comply with the certification procedures. *Cutter*, 646 N.E.2d at 711–12. But there, the procedural deficiencies were excusable because the entire warrant conversation was actually recorded and the sufficiency of the warrant was, thus, capable of independent verification. *Id.* at 712. That is not the case here, where there is no complete recording of the conversation.

In contrast, in *Timmons v. State*, 723 N.E.2d 916, 920 (Ind.Ct.App.2000), *aff'd in part, rev'd in part on rehearing by* 734 N.E.2d 1084 (Ind.Ct.App.2000) (*Timmons II*), *trans. denied,* we declared a telephonic search warrant invalid because the only statutory requirements that were satisfied were the officer's testimony under oath and the actual recording of the conversation. Indeed, the officer there did not read from a warrant form, the judge never advised the officer to affix her signature to the warrant, no warrant was actually ever issued, and neither the judge nor the officer certified the audio tape or transcrip-

2. While Volz does not raise the issue, the State made no showing that exigent circumstances existed when Officer Davies sought the telephonic search warrant. Indeed, police had detained Dennis and Karen, so there was no danger that they would destroy drugs present at their residence before police could obtain a search warrant by filing a written probable cause affidavit with a judge. *See, e.g., Illinois v. McArthur*, 531 U.S. 326, 121 S.Ct. 946, 950, 148 L.Ed.2d 838 (2001) (list-

ing cases where exigent circumstances existed: where delay poses grave danger; where delay would lead to loss of evidence).

3. While the statute provides that "the judge shall record the conversation on audio tape," we determined in *Cutter* that the intent of the statute was satisfied if the applicant recorded the conversation instead. *See Cutter*, 646 N.E.2d at 712.

tion. *Id.* at 920. We concluded that the result was a near total failure to comply with the procedures set out in the statute and that the warrant was more appropriately characterized as nonexistent. *Id.*

◼ Recently, this court held that a telephonic search warrant was invalid where the officer's attempt to record his conversation with the judge failed altogether. *See State v. Davis,* 770 N.E.2d 338 (Ind.Ct.App.2002) (holding telephonic search warrant invalid where conversation was not recorded due to technical failure). In *Davis,* we rejected the State's argument that the warrant was valid under the good faith exception, and we stated that "without the audiotape, which is the centerpiece of the statute, neither the trial court nor this court can verify whether the warrant was properly issued or whether the search was executed in objective good faith reliance on the warrant." *Id.* at 343. We affirmed the trial court and agreed with the court's finding that an audio recording " 'is an absolute necessity.' " *Id.*

Here, while Officer Davies complied with many of the statutory procedures in obtaining the telephonic search warrant, he failed to make a complete recording of the conversation. The portions of the conversation that were not recorded were essential to demonstrate probable cause in support of the warrant. With such a deficient recording, neither the validity of the warrant nor Officer Davies' reasonable belief that the warrant was valid is capable of independent verification through judicial

review.[4] Thus, as in *Davis,* we reject the State's argument that the good faith exception applies. *See id.*

The trial court found that "all other aspects of the statute were complied with except for the recordation of the Officer's complete testimony on the night in question and that there is no evidence whatsoever of any wrongdoing or attempts at deception by the individuals involved." On appeal, we do not mean to suggest that there was any wrongdoing or attempt at deception. But the court also found that the "complete testimony" of the officer was not recorded, and that finding is fatal. As we have already noted, a reviewing court focuses on whether reasonable inferences drawn from the totality of the evidence support the determination of probable cause. *Jaggers,* 687 N.E.2d at 181–82. And, again, in ruling on a motion to suppress the reviewing court is required to consider all evidence, including uncontested evidence in favor of the defendant. *Morales,* 749 N.E.2d at 1265. Thus, without a complete recording of Officer Davies' testimony, neither the trial court nor this court can consider the totality of the evidence, including omitted evidence that may have been favorable to Volz.

We conclude that the trial court erred when it denied Volz's motion to suppress evidence. We reverse and remand to the trial court with instructions to grant the motion.

Reversed and remanded with instructions.

4. The State maintains that Officer Davies and Judge Morris' reconstruction of their conversation approximately one week later is sufficient to satisfy the recording requirement. We cannot agree. There is no ex post facto "reconstruction exception" to the explicit statutory requirements. Indeed, the bottom line is that there is no record to support an independent verification that Officer Davies recited enough facts to support a finding of probable cause before Judge Morris issued the search warrant. As such, the warrant cannot pass constitutional muster.

ROBB, J., concurs.

BAILEY, J., dissents with separate opinion.

BAILEY, J., dissenting.

I respectfully dissent. The rationale of the majority has placed the proverbial cart before the horse. A properly transcribed audiotape is not a prerequisite for the issuance of a valid warrant. Rather, pursuant to Indiana Code section 35-33-5-8(d), "if a warrant is issued," the judge shall order a transcription of that which has already taken place.

A search warrant is presumed to be valid, and the burden is upon the challenger to rebut the presumption. *Rios v. State,* 762 N.E.2d 153, 156-7 (Ind.Ct.App. 2002). Here, it is uncontroverted that a mechanical failure took place. This does not equate to noncompliance with statutory requirements for the issuance of a telephonic warrant. Admittedly, the facts recorded and transcribed were insufficient to establish probable cause for the warrant. Nevertheless, an incomplete recording is not necessarily fatal. The essence of the statute providing for the issuance of a telephonic warrant is that there must be an independent evaluation of facts by a judicial officer. Here, the recorded facts comprised less than the entirety of the facts conveyed to Judge Morris and considered by him in making the determination of probable cause.

Judge Morris testified under oath at the document reconstruction hearing and verified that, although gaps occurred in the recording, other facts he deemed adequate to establish probable cause were in actuality presented by Officer Davies. Judge Morris testified that he asked Officer Davies to read the search warrant to be signed and Officer Davies conveyed the following facts: Officer Davies had initiated a traffic stop of a vehicle occupied by Mitchell and Turner. Drugs were found on Mitchell and Turner, and Turner indicated that they had snorted a line of cocaine at Mitchell's residence.[5] Absent an allegation and proof of judicial impropriety, Judge Morris's substantive verification under oath of the telephonic conversation should not be discredited.

Mechanical failure is not beyond the realm of legislative or judicial contemplation. *See e.g.,* Indiana Appellate Rule 31, providing for a verified statement of evidence based upon party recollection when no transcript is available. I cannot agree that the legislature intended to nullify, on the basis of technical failure, both the time-honored process of independent judicial fact-finding to support the issuance of a warrant and the reviewing court's consideration of unchallenged sworn testimony by a judicial officer. Therefore, I would affirm the denial of the motion to suppress evidence.

5. At the reconstruction hearing, Officer Davies offered corroborative testimony. Officer Davies initiated a traffic stop after the vehicle occupied by Turner and Mitchell crossed the centerline and failed to make a complete stop. Officer Davies saw marijuana cigarettes in the ashtray of the vehicle. The occupants advised Officer Davies that they had snorted cocaine at a residence. A consent search of the vehicle yielded remnants of marijuana cigarettes and a baggie with a torn corner and white powder residue.