RAY'S LIQUORS, INC., Plaintiff-Appellant, *v.* PHILLIP NEWLAND *et al.*, Defendants-Appellees.

Second District No. 76-216

Opinion filed September 20, 1977.

Nadelhoffer, Hennessey, Dommermuth & Brestal, of Naperville, for appellant.

Stephen M. Cooper, of Geneva, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff's liquor license was temporarily suspended for an alleged violation of the Naperville Village Ordinance forbidding sales to minors. The suspension was thereafter reversed on appeal by an order of the Illinois Liquor Control Commission. Plaintiff then filed a small claims action against the minor, Phillip Newland, and against his father, Everett Newland, which, as amended, sought recovery against the minor to compensate for damage to its reputation, attorneys fees and other expenses allegedly incurred in litigating the temporary suspension order. Recovery against the parent was sought under the provisions of the Parental Responsibility Law (Ill. Rev. Stat. 1975, ch. 70, pars. 51-57). The trial court dismissed the complaint for failure to allege a cause of action. The plaintiff appeals.

■■ In his brief and argument in this court the plaintiff has not raised the issue of liability under the Parental Responsibility Law. He merely refers to the statute without support of either citation or argument. This amounts to a waiver of the claim for relief under the law. See Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7). See also *Collins v. Westlake Community Hospital*, 57 Ill. 2d 388, 391-92 (1974).

We turn to the question whether a cause of action has been stated against the minor defendant.

The amended complaint as pertinent, alleges in substance that the defendant, Phillip Newland is a minor, age 16, unemancipated, and residing with his parents; that the Naperville Village Ordinance (par. 20.025) prohibits the purchase by or sale of beer to a person under the age of 19; that on two or more occasions prior to July 5, 1975, Phillip Newland had purchased beer from plaintiff, showing a false identification card fitting Phillip Newland's description and indicating him to be a person of the age of 19 years or more; that on July 5, 1975, Phillip Newland purchased a case of beer from the plaintiff; and that plaintiff sold the beer

to Phillip on this occasion in reliance upon the minor's previous representations without requiring an identification card. We agree with the trial court that these allegations do not state a cause of action for damages against the minor.

We recognize that a minor may generally be held liable for intentionally and falsely representing himself to be an adult. *Davidson v. Young*, 38 Ill. 145, 149-50 (1865); *Berryman v. Highway Trailer Co.*, 307 Ill. App. 480, 482 (1940); *Jorgensen v. Nudelman*, 45 Ill. App. 2d 350, 353 (1963).

■■ We conclude, however, that this action against the minor is barred on the basis of public policy.

Under earlier statutes in Illinois regulating the liquor traffic it had been generally held that liability for selling liquor to a person who is under age is not excused by a licensee's ignorance or mistake as to the persons served. (*McCutcheon v. People*, 69 Ill. 601, 606 (1873); *Farmer v. People*, 77 Ill. 322, 324 (1875).) It has been said that the seller of intoxicating liquor "must choose at his peril * * * to make the sale or not to make it." And if he makes it and it is in fact unlawful he intentionally commits the forbidden act whether he intends to violate the law or not. (*Nicholson v. People*, 29 Ill. App. 57, 63 (1887).) This appears to be the majority view under statutes regulating the sale of intoxicating liquor which do not precondition responsibility on knowledge that the purchaser is below a specified age, even when the minor has misrepresented his age. See Annot., 12 A.L.R.3d 991, 995-1000 (1967).

■■ The Illinois Liquor Control Act was amended in 1973 to add the paragraph:

> "Adequate written evidence of age and identity of the person is a document issued by a federal, state, county, or municipal government, or subdivision or agency thereof, * * * or an identification card issued to a member of the Armed Forces. Proof that the defendant-licensee, * * * demanded, was shown and reasonably relied upon such written evidence in any transaction, forbidden by this Section is competent evidence and may be considered in any criminal prosecution therefor or to any proceedings for the suspension or revocation of any license * * *."
> (Ill. Rev. Stat. 1975, ch. 43, par. 131(a).)

We cannot conclude, however, that the legislature intended to introduce the licensee's lack of knowledge of the customer's ineligibility to purchase liquor as an element of the offense by this addition. The terms which govern liability of the seller of intoxicating liquor which precede the quoted addition remain substantially unchanged. When language of a statute which is unchanged has acquired a settled meaning it is to be interpreted as before an amendment to the statute adding additional terms in the absence of a clear contrary intention. (*People ex rel. Nelson*

*v. Wiersema State Bank*, 361 Ill. 75, 78-79 (1935).) No such clear contrary intention is here evident. It is fair to conclude that the additional provision permits evidence to be introduced to mitigate punishment, not to establish an affirmative defense. See *State of Schull*, 66 S.D. 102, 279 N.W. 241, 242 (1938); Annot., 12 A.L.R. 3d 991, 1002 (1967).

Any person under the specified age who presents a false or fraudulent identification in attempting to purchase or procure any alcoholic beverages is himself guilty and may be punished under the act (Ill. Rev. Stat. 1975, ch. 43, par. 131(a)). However, the intended purpose of the Liquor Control Act would be thwarted if licensees in the liquor industry were permitted to pass on the costs which accrue to them as a result of a violation of liquor control laws by a sale to the minor who misrepresents his age. In other circumstances, courts have refused to shift liability to an intoxicated person on the theory of implied indemnification. In *Wessel v. Carmi Elks Home, Inc.*, 54 Ill. 2d 127, 131-32 (1973), the court stated:

> "* * * a substantial burden has been placed upon those engaged in the liquor industry. Such responsibility, although possibly more stringent than that imposed upon other business ventures, is permissible as a proper exercise of the State's regulatory control of intoxicating liquors. [Citations.] We believe that by permitting the extension of the right of indemnity in this case, the public policy expressed in the statute would be frustrated and its disciplinary feature diminished. Absent a clear legislative mandate to the contrary, the cost accruing for a violation of the statute should be borne by those profiting from the sale of liquor to the public who enter such commercial enterprises with full knowledge of this attendant liability."

Underage persons have been held to be in the same class with intoxicated persons, both being "incompetent to determine for themselves whether they may indulge in intoxicating liquors." *Hamer v. People*, 205 Ill. 570, 572 (1903).

It should be noted that prior to *Wessel v. Carmi Elks Home, Inc.*, 54 Ill. 2d 127 (1973), two Illinois Appellate Court decisions had permitted the right to seek indemnification to those who might be liable in a dramshop action as against one to whom they had sold or given alcoholic beverages. (See *Geocaris v. Bangs*, 91 Ill. App. 2d 81 (1968), and *Walker v. Service Liquor Store, Inc.*, 120 Ill. App. 2d 112 (1970).) Both cases were expressly overruled in *Wessel*, 54 Ill. 2d 127, 130.

■■ The principles which forbid indemnity to one in the liquor industry who incurs liability to a third person in consequence of wrongful conduct by his customer also cover this case in which liability is not incurred as to a third person but the licensee suffers "other harm." (See Restatement (Second) of Torts §557, and comment (1977).) Where,

however, the Liquor Control Act has intended a substantial burden on those engaged in the liquor industry, more stringent than those imposed on other business ventures and penal in nature (*Wessel v. Carmi Elks Home, Inc.*, 54 Ill. 2d 127, 131 (1973)), that policy forbids passing on the liability as here attempted. The trial court therefore properly dismissed the complaint.

The judgment is affirmed.

Affirmed.

NASH and WOODWARD, JJ., concur.