(733 P.2d 839)

No. 59,664

SANCTUARY, INC., d/b/a SANCTUARY, *Appellant,* v. RONALD M. SMITH, *Appellee.*

Opinion filed March 12, 1987.

*Kermit M. Beal,* of Lawrence, for appellant.

*James E. Rumsey,* of Lawrence, for appellee.

*Robert T. Stephan,* attorney general, and *Richard Hodson,* assistant attorney general, for *amicus curiae* Alcoholic Beverage Control Division, Department of Revenue.

Before ABBOTT, C.J., REES and DAVIS, JJ.

DAVIS, J.: Sanctuary, Inc., d/b/a Sanctuary (Sanctuary), a private club in Lawrence, Kansas, admitted and served Ronald M. Smith, a minor, an alcoholic beverage. A Lawrence police officer discovered Smith was underage and arrested him. The director of Alcoholic Beverage Control (ABC), pursuant to K.S.A. 41-2633a, fined Sanctuary $500 for violating K.S.A. 41-2615.

Sanctuary brought an action in small claims court against Smith to recover the $500 fine imposed by the director of ABC, alleging that Smith fraudulently used another person's driver's license to gain entry into the club. The small claims court entered judgment for Sanctuary, but on appeal the district court granted summary judgment to Smith, holding that "[s]ince the purpose of the law is to regulate by placing strict liabilities on the club, fraud, as a matter of law does not lie as a cause of action in this particular matter." Sanctuary timely appeals. We affirm.

In *State v. Sleeth*, 8 Kan. App. 2d 652, 655-56, 664 P.2d 883 (1983), we had occasion to interpret K.S.A. 41-2615. We held that the first sentence of the statute was regulatory:

"No club licensed hereunder shall *knowingly or unknowingly* permit the consumption of alcoholic liquor or cereal malt beverage on its premises by a minor . . . ." K.S.A. 41-2615 (emphasis added).

We noted in *Sleeth* that "[t]his proscription is directed towards 'clubs,' not towards the owner, manager or employees thereof" and that "[k]nowledge of the infraction is not a prerequisite to holding a 'club' liable for a transgression of this provision (*i.e.*, good-faith mistake is not a defense)." 8 Kan. App. 2d at 656.

K.S.A. 41-2615 imposes upon a private club an absolute duty not to permit the consumption of alcoholic liquor or cereal malt beverage by a minor on its premises. By serving Smith, Sanctuary violated this duty. The $500 fine was imposed because of the club's violation of 41-2615, not because of Smith's fraud.

We hold that the strict regulatory policy expressed in the first sentence of K.S.A. 41-2615 bars any fraud action by a private club against a minor to recover penalties imposed against the club for serving the minor in violation of K.S.A. 41-2615. The regulatory provisions of K.S.A. 41-2615 would be rendered less than strict if private clubs could pass on the costs of "unknowing" violations to minors in suits for fraud. See *Faces, Inc. v. Kennedy*, 185 N.J. Super. 113, 121, 447 A.2d 592 (1981), *aff'd* 185 N.J. Super. 77, 447 A.2d 572 (1982) (public policy bars suit in fraud by club against minor to recover damages for loss of profits due to license suspension); *Ray's Liquors, Inc. v. Newland*, 52 Ill. App. 3d 680, 367 N.E.2d 982 (1977) (public policy bars suit in fraud by club against minor to recover damages to reputation and costs of litigating license suspension).

The decision about how best to curtail alcohol consumption by minors rests with the legislature, not with the courts. See *Ling v. Jan's Liquors*, 237 Kan. 629, 703 P.2d 731 (1985). Our legislature has adopted a strict regulatory policy by imposing upon private clubs an absolute duty not to permit minors to consume alcoholic beverages on their premises. K.S.A. 41-2615. Allowing private clubs to recoup penalties imposed for violation of this absolute duty would undermine that policy. Finally, we note that the legislature has adopted laws imposing substantial penalties

against minors for consuming alcohol at private clubs and for misusing driver's licenses. See K.S.A. 41-727(b)(1); K.S.A. 41-2721(b)(1); K.S.A. 1986 Supp. 8-260.

Affirmed.