■ OSJ, INC., Doing Business as OLD STONE JUG, et al., Appellants, v CHARLES E. WORK, Defendant, and WHITNEY SMITH, Respondent. (Action No. 1.) OSJ, INC., Doing Business as OLD STONE JUG, et al., Appellants, v GRETAL SALZMANN et al., Respondents. (Action No. 2.) [710 NYS2d 666] —Graffeo, J. Appeals (1) in action No. 1, from two orders of the Supreme Court (O'Brien III, J.), entered April 13, 1999 and April 23, 1999 in Madison County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint, and (2) in action No. 2, from an order of said court, entered April 23, 1999 in Madison County, which granted defendants' motions for summary judgment dismissing the complaint.

These actions were commenced by plaintiff OSJ, Inc., a corporation operating a tavern, and its proprietor, plaintiff John M. Koen, following several incidents in 1995 and 1996 when defendants, all of whom were individuals under 21 years of age during the relevant time period, obtained entry to the tavern after displaying fraudulent identifications indicating

that they were over the age of 21. The use of false identification by the eight named defendants was discovered by the police during an ongoing investigation of the tavern and another local bar which involved raids of each establishment and the arrest of more than 30 underage patrons. Although plaintiffs averred that alcoholic beverages were not served to any of defendants as a result of this allegedly fraudulent conduct, plaintiffs were subjected to criminal prosecution and an administrative license revocation proceeding.[1]

Hence, plaintiffs initiated two actions sounding in common-law trespass and fraud[2] seeking damages for lost profits allegedly as a consequence of the criminal and administrative proceedings, together with the recovery of counsel fees expended in defense of both proceedings. After issue was joined and the parties began discovery, defendants moved for summary judgment dismissing the complaints for failure to state an actionable claim. Plaintiffs opposed the motion and cross-moved to amend the complaints. Supreme Court granted defendants summary judgment and dismissed the common-law fraud and trespass claims based, in part, on its determination that plaintiffs had not established the requisite causal connection between the alleged tortious conduct attributed to defendants and the injury they claimed to have sustained. Plaintiffs now appeal.

The sole contention on these appeals is that Supreme Court erred in dismissing the common-law fraud cause of action because plaintiffs raised issues of fact warranting a trial. We disagree. "In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Lama Holding Co.*

---

**1.** Although the record contains little information in this regard, it appears that plaintiffs achieved successful outcomes in both the criminal and administrative proceedings.

**2.** In the decision before us on these appeals, Supreme Court addressed whether the Alcoholic Beverage Control Law provides tavern owners a private right of action to pursue a claim for damages against underage patrons who gain access to their premises using fraudulent identifications, concluding that no statutory right of action exists. To the extent plaintiffs pursued such a claim, it has been abandoned as they have not challenged this aspect of Supreme Court's rationale in their brief on appeal (*see, Pompa v Burroughs Wellcome Co.*, 259 AD2d 18, 20, n 2; *Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 692, n 1). Similarly, plaintiffs have waived any challenge to the dismissal of the common-law trespass claim by failing to raise this issue on appeal (*see, id.*).

*v Smith Barney*, 88 NY2d 413, 421; *see, Rosario-Suarz v Wormuth Bros. Foundry*, 233 AD2d 575, 578). Although plaintiffs proved that defendants presented fraudulent identification in order to gain entry to the tavern, they failed to establish that this conduct gave rise to their alleged damages.

Plaintiffs maintain that they did not provide alcoholic beverages to these minors while they were on their premises and, thus, there is no allegation that plaintiffs served alcoholic beverages to defendants in reliance on the misrepresentations. The subsequent criminal action and license revocation proceeding were predicated on allegations that plaintiffs engaged in the sale of alcoholic beverages to minors in violation of Penal Law § 260.20 (2) and Alcoholic Beverage Control Law § 65 (1), not on the mere presence of minors in the tavern. There is no basis to conclude that but for defendants' allegedly tortious conduct, plaintiffs would not have sustained the identical damages since plaintiffs' conduct at issue was the subject of an ongoing investigation which involved the arrest of more than 20 underage patrons at the tavern. Accordingly, because plaintiffs failed to sufficiently establish a causal connection between the actions taken in reliance on defendants' misrepresentations and the subsequent litigation which was the basis of the claim of injury, we find that the common-law fraud claim was properly dismissed (*see, Lama Holding Co. v Smith Barney, supra*).

Cardona, P. J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.