**Boston PRITCHETT, solely in his official capacity as (former) Sheriff of Benton County, Indiana, et al., Appellant–Defendant,**

v.

**Michelle L. HEIL, Appellee–Plaintiff.**

No. 56A03–0103–CV–72.

Court of Appeals of Indiana.

Oct. 9, 2001.

John T. Roy, Hume, Smith, Geddes, Green & Simmons, LLP, Indianapolis, IN, Attorney for Appellant.

Caroline B. Briggs, Lafayette, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

Michelle Heil sued Boston Pritchett in his official capacity as Sheriff of Benton County, Indiana ("Sheriff"), alleging negligent hiring, supervision and retention, and also alleging respondeat superior liability, due to sex acts performed between a jailer and herself, when she was an inmate in the Benton County Jail. The Sheriff filed a motion for summary judgment, which was initially granted by the trial court. Heil thereafter filed a motion to correct error, which was granted, effectively reversing the previously granted summary judgment. The Sheriff now appeals. We reverse.

### Issues[1]

The Sheriff raises à single issue for our review, which we restate as whether the trial court properly granted Heil's motion to correct error, effectively denying the Sheriff's motion for summary judgment on the issue of whether or not he may be held liable for the damage alleged by an inmate due to consensual sex acts between herself and a jailer.

### Facts and Procedural History

Heil was incarcerated at the Benton County Jail beginning in early July of 1998. When she arrived at the jail, the only other female inmate, Rachael Gunckle, told Heil that she had been having sex with Christopher Warren, a jailer, in exchange for cigarettes. On one occasion after Heil was incarcerated, Warren gave her cigarettes and told her he would take it up with her later when everyone was locked down. Later that night, Warren came to Heil's cell, told her to come out of the cell, and had sexual intercourse with her on the floor outside of her cell. Heil "knew that's what was gonna [sic] happen cause [sic] that's how it was with [Gunckle]." Appendix of Appellant at 154. Heil was "in agreement with the exchange." *Id.* In the evenings, Warren gave her pills, some of which she knew to be Xanax, an anti-anxiety drug, and others which she

---

1. There are two outstanding motions in this case: the Sheriff's motion for oral argument, which is hereby denied, and Heil's motion to have the Sheriff provide or pay for a transcript of the hearing on Heil's motion to correct error. As we do not need that transcript to decide this appeal, that motion is also denied.

could not identify, but all of which she took. Warren continued to give Heil extra privileges, including more cigarettes, soda, pizza, movies, and allowing her to stay up past lockdown, and on several more occasions, Warren and Heil had sexual contact. On two occasions, Warren allowed a jail trustee into Heil's cell and Heil had sexual intercourse with the trustee, after which she performed oral sex on Warren. In total, Heil had intercourse with Warren once and performed oral sex on Warren five times. After five of those six sexual encounters, Warren gave Heil cigarettes. Warren, Gunckle, and Heil were all charged with crimes due to their actions while Gunckle and Heil were incarcerated in the Benton County Jail. Heil was charged with prostitution, a Class A misdemeanor, and found guilty by a jury in January of 2000. On appeal to this court, her conviction was affirmed. *Heil v. State,* 742 N.E.2d 39 (Ind.Ct.App.2000), *trans. denied.*

In August of 1999, Heil filed a complaint for damages against, *inter alia,* the Sheriff. The complaint was amended several times and ultimately alleged negligent hiring, supervision, and retention of Warren and respondeat superior liability. The complaint was last amended in May of 2000. Thereafter, in July of 2000, the Sheriff filed a motion for summary judgment on Heil's claims, asserting that there was no issue of material fact because Heil was estopped from arguing that the sexual contact between herself and Warren was non-consensual due to her conviction for prostitution. The trial court granted the Sheriff's motion, finding that "[b]ecause the undisputed facts indicate that [Heil] was a willing participant in the sex acts

..., there is no underlying tort for which the Sheriff may be held liable under a theory of respondeat superior or negligence." Appendix of Appellant at 213.

Heil thereafter filed a motion to correct error based upon this court's opinion in *Robins v. Harris,* 740 N.E.2d 914 (Ind.Ct. App.2000), *opinion on reh'g,* 743 N.E.2d 1142 (Ind.Ct.App.2001), which addressed a female jail inmate's claim for damages against the county sheriff for a jail officer's sexual misconduct. The trial court granted Heil's motion and set aside its order which granted summary judgment to the Sheriff. The Sheriff now appeals.[2]

*Discussion and Decision*

In support of her motion to correct error, Heil cited the then-recently decided case of *Robins v. Harris.* Since the trial court's ruling on Heil's motion, however, our supreme court has granted transfer in *Robins* and vacated the Court of Appeals opinion. 753 N.E.2d 17 (Ind.2001). We therefore address the Sheriff's contentions anew.

The Sheriff contends that the trial court erred in granting Heil's motion to correct error and setting aside its order granting the Sheriff summary judgment on Heil's claims because the jury in her criminal trial necessarily decided that the sexual encounters between Heil and Warren were consensual. Therefore, the Sheriff argues that the undisputed facts show that no tort was committed by Warren against Heil and there is no basis for imposing liability upon him.

I. Standard of Review

 A trial court has wide discretion to correct errors and grant new trials, and

**2.** By order dated July 2, 2001, this court denied Heil's motion to dismiss this appeal as an interlocutory appeal from a non-appealable order, finding that the Sheriff was appealing from the trial court's ruling on Heil's

motion to correct error, which set aside a previously entered final judgment, and which, pursuant to Trial Rule 59(F) is an appealable final order.

thus, we will reverse only for an abuse of discretion. *Centennial Mortg., Inc. v. Blumenfeld,* 745 N.E.2d 268, 273 (Ind.Ct. App.2001). An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. *Id.* An abuse of discretion also results from a trial court's decision that is without reason or is based upon impermissible reasons or considerations. *Id.*

### II. Collateral Estoppel

■ Although a criminal felony judgment may be admitted in evidence, such conviction is not necessarily conclusive proof in a civil trial of the factual issues determined by the criminal judgment. *Meridian Ins. Co. v. Zepeda,* 734 N.E.2d 1126, 1131 (Ind.Ct.App.2000), *trans. denied* (citing *Kimberlin v. DeLong,* 637 N.E.2d 121 (Ind.1994)). However, the conviction may provide a basis for the use of collateral estoppel. *Id.*

■ Collateral estoppel bars the subsequent litigation of a fact or issue which was necessarily adjudicated in a former lawsuit if the same fact or issue is presented in the subsequent lawsuit. *Shell Oil Co. v. Meyer,* 705 N.E.2d 962, 968 (Ind. 1998). Collateral estoppel has been divided into two categories: "offensive" collateral estoppel and "defensive" collateral estoppel. *Eichenberger v. Eichenberger,* 743 N.E.2d 370, 374 (Ind.Ct.App.2001). *See also Tofany v. NBS Imaging Sys., Inc.,* 616 N.E.2d 1034, 1037 (Ind.1993). Defensive collateral estoppel may be asserted in a situation where a "defendant seeks to prevent a plaintiff from asserting a claim which the plaintiff had previously litigated and lost." *Eichenberger,* 743 N.E.2d at 375. The Sheriff makes such a claim here.

■ Where collateral estoppel is applicable, the former adjudication will be conclusive in the subsequent action even if the two actions are on different claims. *Sullivan v. American Casualty Co. of Reading, Pa.,* 605 N.E.2d 134, 137 (Ind. 1992). However, the former adjudication will only be conclusive as to those issues which were actually litigated and determined therein. *Wedel v. American Elec. Power Serv. Corp.,* 681 N.E.2d 1122, 1131 (Ind.Ct.App.1997), *trans. denied.* Collateral estoppel does not extend to matters which were not expressly adjudicated and can be inferred only by argument. *Peterson v. Culver Educational Foundation,* 402 N.E.2d 448, 461 (Ind.Ct.App.1980). The primary consideration in the defensive use of collateral estoppel is whether the party against whom the former adjudication is asserted had "a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances" to permit the use of collateral estoppel in the subsequent action. *Hendrickson v. Alcoa Fuels, Inc.,* 735 N.E.2d 804, 812 (Ind.Ct.App.2000).

■ Prostitution is committed by "[a] person who knowingly or intentionally: (1) performs, or offers or agrees to perform, sexual intercourse or deviate sexual conduct ... for money or other property...." Ind.Code § 35–45–4–2. In convicting Heil of prostitution, the jury necessarily determined that she engaged in sexual intercourse or deviate sexual conduct "knowingly or intentionally." Heil had every incentive to, and did in fact, vigorously defend the charge, alleging that her incarceration rendered her unable to voluntarily consent to the sexual contact. However, the jury apparently rejected her claims and found her guilty of prostitution. Therefore, the issue of her consent to the sexual contact was necessarily decided in Heil's criminal trial, and she had a full and fair opportunity to litigate the issue. Moreover, it is not un-

fair to apply collateral estoppel against her under these circumstances. As a matter of public policy, it would be ill-conceived to allow a person to benefit from a defense in a civil trial which was expressly rejected on the same issue by a jury in a criminal trial. Collateral estoppel as to the issue of Heil's consent is appropriate in this case.

## III. Heil's Claims

 Heil's claims for negligent hiring, supervision and retention, and for respondeat superior liability, are premised upon allegations that Warren committed a sexual battery upon her. In order to prove her sexual battery allegation, Heil is required to show a non-consensual harmful or offensive contact resulting from an act intended to cause her to suffer the contact. *See Boruff v. Jesseph*, 576 N.E.2d 1297, 1300 (Ind.Ct.App.1991) (in the context of a medical malpractice action premised upon a battery claim due to an operation performed without the patient's consent).

 The Sheriff's motion for summary judgment alleged that there was no issue of material fact as to Heil's inability to prove the allegations of her complaint. As supporting evidence, the Sheriff designated relevant parts of the transcript from Heil's criminal trial and the judgment of conviction entered in that case. Heil designated only her complaint and the Sheriff's answer and affirmative defense thereto.[3] The designated evidence showed that, without dispute, Heil consented to the sexual contact. Heil testified at her criminal trial, under oath, that she had sex with Warren in exchange for cigarettes and that she was "in agreement with the exchange." Appendix of Appellant at 154. She did not testify to any coercion or intimidation other than that Warren gave her pills, which she voluntarily took. Appendix of Appellant at 156. As additional elements of proof at her criminal trial equally probative here, she testified that she did not make any complaints to anyone else at the jail about Warren's conduct, nor did she struggle with him or tell him "no." Appendix of Appellant at 157. Her testimony as a whole during her criminal trial, designated as evidence on summary judgment, leads to the conclusion that she consented to the sexual contact with Warren. As has been discussed above, Heil is collaterally estopped from now arguing otherwise. Heil's consent to the sexual activity renders her unable to meet her burden of proving that she was subject to an unwanted offensive touching. She is therefore unable to prove the tort upon which her claims against the Sheriff are premised.

Summary judgment is to be granted if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). As the Sheriff's designated evidence showed that there was no issue of material fact regarding the allegations of Heil's complaint, and as Heil did not designate evidence in response which raised such an issue, summary judgment for the Sheriff was appropriate, and the trial court abused its discretion in later granting Heil's motion to correct errors and, in effect, denying the summary judgment.

## Conclusion

Collateral estoppel bars Heil from arguing in this civil case that she did not consent to the sexual activity between Warren and herself. As she consented to

---

**3.** Heil also included in her designation of evidence the Sheriff's deposition. However, that part of her designation was stricken on the Sheriff's motion and was not considered by the trial court in ruling on the Sheriff's motion for summary judgment.

the touching, Warren did not commit a sexual battery upon her, and as she is unable to prove the underlying tort against Warren, she is also unable to prove the allegations of her complaint against the Sheriff which are premised upon that tort. Under these circumstances, the trial court abused its discretion in granting Heil's motion to correct error and vacating its summary judgment for the Sheriff. The Sheriff is entitled to summary judgment on Heil's complaint. Accordingly, the trial court's order on Heil's motion to correct error is reversed.

Reversed.

BAKER, J., and FRIEDLANDER, J., concur.