■ PATRICIA ANTICH et al., Appellants, v DANIEL McPART-LAND, Respondent. [740 NYS2d 728] —Lahtinen, J. Appeal from an order of the Supreme Court (Bradley, J.), entered January 19, 2001 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

In June 1999, plaintiffs' condominium unit was flooded and their personal property sustained water damage as a result of a break in a washing machine hose in the condominium unit directly above theirs, which was owned by defendant and occupied at that time by Bartolo Maldonado. As a result, plaintiffs commenced this action to recover for the damage to their personal property and the aggravation of plaintiff Patricia Antich's chronic fatigue syndrome. Their complaint alleged causes of action sounding in negligence, which were based on defendant's failure to properly maintain his condominium, res ipsa loquitur and trespass. After discovery, defendant successfully moved for summary judgment dismissing the complaint. Plaintiffs appeal, contending that Supreme Court erred in granting defendant's motion as material issues of fact exist regarding his negligence.[1] We affirm.

To secure summary judgment, defendant had to " 'establish as a matter of law that [he] maintained [his] premises in a reasonably safe condition * * * and that [he] did not have actual or constructive notice of the defect or that [he] did not create the allegedly dangerous condition' " (*Dong v Cazenovia Coll.*, 263 AD2d 606, 607, quoting *Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845, 846 [citations omitted]). Constructive notice of a defect requires that the defect "be visible and apparent and it must have existed for a sufficient length of time prior to the [incident] to permit the defendant[ ] * * * to discover and remedy it" (*Henness v Lusins*, 229 AD2d 873, 875; *see, Eaton v Pyramid Co. of Ithaca*, 216 AD2d 823, 824).

Defendant presented evidentiary proof in admissible form[2] that he had no knowledge, either actual or constructive, of any defect in the washing machine hose or the water shutoff valve

---

1. Plaintiffs have abandoned any issues related to the dismissal of their causes of action for trespass and the doctrine of res ipsa loquitur as they did not present any argument on these issues in their brief (*see, OSJ, Inc. v Work*, 273 AD2d 721, 722 n 2; *Bombard v Central Hudson Gas & Elec. Co.*, 205 AD2d 1018, 1020, *lv dismissed* 84 NY2d 923).

2. The affidavit of defendant's attorney was accompanied by excerpts from the depositions of plaintiff Frank Antich, defendant and Maldonado (*see, Olan v Farrell Lines*, 64 NY2d 1092, 1093).

for that machine, which had been serviced for an unrelated problem by a local appliance repair company just three months prior to this incident. Additionally, defendant's proof established that he had lived in the condominium for five years after he purchased it in 1989, and in 1994 he hired a company to manage the property and perform all maintenance and repairs. Defendant testified that he had no knowledge of, nor was he ever advised by the management company, his first tenant or Maldonado regarding, any problems with the washing machine except for receiving the bill for the unrelated repair of the machine's spin cycle. Plaintiffs' opposition to defendant's submissions consisted of their counsel's affidavit, which was replete with conjecture and surmise regarding what defendant should have done to prevent the hose from bursting, and it contained no proof of any notice of problems with or defects in the hose or shutoff valve which could be imputed to defendant or his management company. It was therefore insufficient to create a triable issue of fact precluding summary judgment (*see*, *Sosa v Golub Corp.*, 273 AD2d 762, 764; *see also*, *Denny v New York State Indus. for Disabled*, 291 AD2d 615). Consequently, dismissal of the complaint was proper.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.