**MILLENIUM CLUB, INC.,**
**Appellant–Plaintiff,**

v.

**Pamela AVILA, et al., Appellees–**
**Defendants.**

No. 71A05–0310–CV–502.

Court of Appeals of Indiana.

June 11, 2004.

John C. Hamilton, South Bend, IN, Attorney for Appellant.

Edward A. Sullivan, III, Baker & Daniels, Brooks J. Grainger, Krisor & Associates, South Bend, IN, Attorneys for Appellees.

## OPINION

SHARPNACK, Judge.

Millennium Club, Inc. ("Club") appeals the small claims court's grant of a motion to dismiss filed by Pamela Avila and numerous other defendants (collectively, the "Minors").[1] The Club raises one issue, which we restate as whether the small claims court erred by dismissing the Club's fraud claim against the Minors where the Minors gained entry to the Club by presenting fraudulent identifications and signing false affidavits as to their ages. We reverse and remand.[2]

The relevant facts alleged in the Club's complaint follow. The Club operates a restaurant/tavern in South Bend, Indiana and holds a valid alcoholic beverage permit issued by the Indiana Alcohol and Tobacco Commission ("IATC"). On January 23, 2003 or January 24, 2003, the Minors gained admission to the Club by "fraudulently representing to [the Club's] agents or employees that [they were] at least 21 years of age, when, in fact, [the Minors were] not 21 years of age." Appellant's Appendix at 5. The Minors "falsely represented their age[s] to be 21 years of age or older by means of . . . false identification card[s] such as . . . false driver's license[s] or driver's license[s] of another, fraudulent transfer of a 'stamp' used to gain admission by another patron or other means of false identification or representation to gain admission." Id. at 5–6. The Minors also signed affidavits falsely attesting to the fact that they were 21 years of age or older. The Club was charged by the

1. The Minors participating in this appeal include: Pamela Avila, Tom Balderston, Emily Bishea, Kevin Boyle, Patricia Bueso, Tara Carlson, Erin Clarke, Diane Crary, Kathleeen Donovan, Jeanne Etchart, John Fahy, Gina Fenice, April Flores, Crysti Foote, Patrick Gallagher, Kerrie Glass, Laura Gleim, Matt Goulet, Eric Kimbuende, Angeline LaMantia, Lindsay Lesko, Michael Leukam, Jessica Lienau, Jennifer Linder, Gregory Lopez, Megan Lynch, Lauren MacKenzie, Danielle Madison, Maria Martino, Jessica Masterson, Brittany McMahon, Shara McMahon, Jess Mikula, Chris Murphy, Kelly Nelson, Elizabeth Nicolli, Christin O'Brien, Matt Paluch, Daniel Pear- son, Tori Peppler, Bridget Purcell, Lisa Reijula, Stephanie Rosales, James Ryan, Angelica Sandrea, Rashelle Simpson, Ray Smego, Kerry Van Shura, and Cara Williams. Additionally, Timothy Heines is a Minor and filed an appellee's brief separately from the other Minors.

2. Oral argument was held in this case on May 7, 2004, at Franklin College in Franklin, Indiana. We thank Franklin College for its hospitality and appellate counsel for their presentations.

IATC and the State of Indiana for allowing the Minors to gain access to the Club's tavern.[3]

As a result of the incident, the Club filed a small claims notice against Avila requesting damages in the amount of $3,000.00. The Club also filed similar claims against the other Minors. The Club alleged that it had sustained damages, expenses, losses, costs and attorney fees as a result of the incident.[4] Avila and the other Minors filed a motion to consolidate the cases, which the small claims court granted. The Minors also filed a motion to dismiss under Ind. Trial Rule 12(B)(6), arguing that: (1) the matter was not ripe for review because the IATC proceedings had not been concluded; and (2) the complaints should be dismissed on public policy grounds. The small claims court granted the motion to dismiss for the following reasons:

> Briefly, there is no reported case in Indiana directly on point. That is, the parties provide no prior caselaw from the State of Indiana wherein a liquor licensee has been allowed to pursue a cause of action upon a claim of fraud against a minor who allegedly misrepresented her age.
>
> [The Minors], however, cite[ ] persuasive case law from other jurisdictions, germane to the issues before the Court. Courts have continually rejected a cause of action sounding in fraud, noting that the liquor licensee is responsible for meeting its obligations with respect to the State's liquor laws. [The Club] fails to show caselaw from any jurisdiction where any establishment has been al-

lowed to proceed under a theory of fraud as proposed herein.

> It is difficult to see how [the Club] could prevail on the issue of damages as a proximate result of [the Minors'] conduct. If [the Club] is not sanctioned by the Indiana Alcohol and Tobacco Commission (IATC), [the Club] will have sustained no damages. On the other hand, if [the Club] is sanctioned by the IATC, it will be because the IATC has made a determination the [Club] did not comply with the law and did not act reasonably. That is to say, the sanctions which result, will be the proximate result of [the Club's] own conduct. If the IATC finds that [the Club] did not act reasonably, [the Club] should not be allowed to assert that [it] did act reasonably in reliance upon representations of the [Minors] in the cause of action herein.
>
> Minors who violate the State's liquor laws should be held accountable for their actions. Indeed, the legislature has passed a number of laws (see, I.C. 7.1–5–7–1 et seq.) to be brought by the State of Indiana, both criminal and infraction offenses in nature, aimed at deterring and punishing such conduct. Penalties may include fines, court costs, jail time, and license suspension.
>
> [The Club], however, fails to show support in the law for the action as proposed herein, sounding in fraud, brought by the liquor license holder against a minor who allegedly misrepresented her age.

*Id.* at 65.

 The small claims court dismissed the complaint under Ind. Trial Rule

---

3. The complaint does not reveal the exact nature of the charges that were brought against the Club.

4. Although the Minors state in their Appellees' Brief that the Club brought claims against more than 200 minors who were in

the Club on the night in question and that the Club has not been sanctioned by the ITAC, these facts were not alleged in the complaint and no additional evidence was presented during the motion to dismiss proceedings.

12(B)(6). A complaint may not be dismissed under Ind. Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. *McQueen v. Fayette County Sch. Corp.*, 711 N.E.2d 62, 65 (Ind.Ct.App. 1999), *trans. denied.* We view motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits. *Id.* When reviewing a trial court's grant of a motion to dismiss, we view the pleadings in a light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. *Id.* We will not affirm a dismissal under Ind. Trial Rule 12(B)(6) unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances. *Id.*

The sole issue is whether the small claims court erred by dismissing the Club's claim against the Minors for fraud where the Minors gained entry to the Club by presenting fraudulent identifications and signing false affidavits as to their ages. This is an issue of first impression in Indiana. The Alcoholic Beverages Act (the "Act"), Ind.Code § 7.1–5–1–1 to § 7.1–5–11–16, is at issue here. The Act makes it a class C infraction for a minor to "make a false statement of the minor's age or to present or offer false or fraudulent evidence of majority or identity to a permittee for the purpose of ordering, purchasing, attempting to purchase, or otherwise procuring or attempting to procure an alcoholic beverage." Ind.Code § 7.1–5–7–1(a) (1998). The Act also makes it a class C infraction for a minor to misrepresent his age on a written statement provided to a permittee. Ind.Code § 7.1–5–7–4 (1998). The statute sets out a sample form for the written statement, which provides that the

minor understands that the misrepresentation of age to induce the sale, service, or delivery of alcoholic beverages is cause for arrest and prosecution. I.C. § 7.1–5–7–5.1(b).

As for the Club, Ind.Code § 7.1–5–7–8(a) (1998) provides that "[i]t is a Class C misdemeanor for a person to recklessly sell, barter, exchange, provide, or furnish an alcoholic beverage to a minor." However, Ind.Code § 7.1–5–7–5.1(a) (1998) provides a defense to permittees, such as the Club, as follows:

> A permittee in a criminal prosecution or in a proceeding before the commission or a local board based upon a charge of unlawfully furnishing an alcoholic beverage to a minor may offer either or both of the following proofs as a defense or defenses to the prosecution or proceeding:
>
> (1) That:
>
> (A) the purchaser:
>
> (i) falsely represented the purchaser's age in a written statement, such as that prescribed by subsection (b), supported by two (2) forms of identification showing the purchaser to be at least twenty-one (21) years of age;
>
> (ii) produced a driver's license bearing the purchaser's photograph; or
>
> (iii) produced a photographic identification card, issued under IC 9–24–16–1 or a similar card, issued under the laws of another state or the federal government, showing that the purchaser was of legal age to make the purchase;
>
> (B) the appearance of the purchaser was such that an ordinary prudent person would believe the purchaser to be of legal age to make the purchase; and

(C) the sale was made in good faith based upon the reasonable belief that the purchaser was actually of legal age to make the purchase.

(2) That the permittee or his agent had taken all reasonable precautions in instructing his employees, in hiring his employees, and in supervising them as to sale of alcoholic beverages to minors.

■ Our supreme court has held that a violation of the Act may give rise to a civil action. *See, e.g., Picadilly, Inc. v. Colvin,* 519 N.E.2d 1217 (Ind.1988); *Gariup Constr. Co., Inc. v. Foster,* 519 N.E.2d 1224 (Ind.1988); *Bartholomew County Beverage Co., Inc. v. Barco Beverage Corp., Inc.,* 524 N.E.2d 353 (Ind.Ct.App. 1988). Consequently, we must first determine if the Club's complaint states a claim for fraud upon which relief could be granted. The elements of actual fraud are: (1) material misrepresentation of past or existing facts by the party to be charged; (2) which was false; (3) which was made with knowledge or reckless ignorance of the falseness; (4) was relied upon by the complaining party; and (5) proximately caused the complaining party injury. *Rice v. Strunk,* 670 N.E.2d 1280, 1289 (Ind.1996). "Detrimental reliance is often the dispositive element under Indiana law because the plaintiff cannot recover for fraud unless he reasonably relied on the defendant's misrepresentations." *Short v. Haywood Printing Co., Inc.,* 667 N.E.2d 209, 213 (Ind.Ct.App.1996), *reh'g denied, trans. denied.* The Minors do not appear to dispute that the Club's complaint alleged a material misrepresentation. Rather, the parties and the small claims court focused upon the Club's reliance upon the alleged misrepresentations and the Club's damages resulting from the alleged misrepresentations.

■ To succeed in its claim against the Minors, the Club must be able to demonstrate that it reasonably relied upon the Minors' misrepresentations regarding their ages to the Club's detriment. The Minors argue that if the IATC fines the Club, the IATC must find under Ind.Code § 7.1–5–7–5.1(a) that the Club did not make the sale "in good faith based upon the reasonable belief that the purchaser was actually of legal age to make the purchase." This conclusion, according to the Minors, would be inconsistent with the Club establishing that it reasonably relied upon the Minors' misrepresentations. On the other hand, if the IATC finds that the Club made the sale "in good faith based upon the reasonable belief that the purchaser was actually of legal age to make the purchase" and does not fine the Club, the Minors argue that an award of damages in the fraud action "would represent an unjust enrichment" because the Club would have sustained no damages. Appellees' Brief at 6.

■ We first address the reasonable reliance issue. The Minors essentially argue that if the IATC issues a decision against the Club, the Club would be collaterally estopped from arguing that it reasonably relied upon the Minors' misrepresentations. Collateral estoppel bars the subsequent litigation of a fact or issue that was necessarily adjudicated in a former lawsuit if the same fact or issue is presented in the subsequent lawsuit. *Pritchett v. Heil,* 756 N.E.2d 561, 565 (Ind.Ct.App. 2001), *reh'g denied.* Collateral estoppel has been divided into two categories, offensive collateral estoppel and defensive collateral estoppel. *Id.* Defensive collateral estoppel may be asserted in a situation where a "defendant seeks to prevent a plaintiff from asserting a claim which the plaintiff had previously litigated and lost." *Id.*

■ The Minors' argument involves defensive collateral estoppel because they would be seeking to prevent the Club from asserting a claim which the Club would have allegedly litigated and lost before the IATC. "The primary consideration in the defensive use of collateral estoppel is whether the party against whom the former adjudication is asserted had 'a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances' to permit the use of collateral estoppel in the subsequent action." *Id.* At this point in the litigation, we have no information regarding the IATC proceedings or whether the Club will have a full and fair opportunity to litigate the issue of reasonable reliance. We also note that the misrepresentations of numerous Minors are at issue here. While the Club may have reasonably relied upon the representations of one Minor, its reliance upon the representations of another Minor may be found to be unreasonable. Given the minimal record available and the requirement that we view the record in a manner most favorable to the Club, we cannot say that the Club's complaint fails to state a claim as a result of the reasonable reliance element.

■ As for the Club's damages, the complaint provides that the Club "has sustained damages, expenses, losses, costs and attorney fees due to the fraudulent action[s] of the [Minors]." Appellant's Appendix at 6. As noted above, in reviewing the grant of a motion to dismiss, we must view the pleadings in a light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. The Club's complaint does not limit its damages to the possible fines charged by the IATC. Consequently, we must assume that the Club would suffer damages even if it is not fined by the IATC.

■ Although the Club's complaint states a claim against the Minors for fraud, the Minors also argue that the small claims court properly dismissed the Club's fraud action because the action is against public policy. The Minors argue that allowing the Club to recover the costs of an IATC sanction would discourage tavern owners from being careful when checking the identification of patrons and would undermine the legislature's efforts to place responsibility upon the tavern to prevent minors from entering the tavern. According to the Minors, every court to consider an action similar to the Club's fraud action against the Minors has rejected such an action on public policy grounds. *See, e.g., Sanctuary, Inc. v. Smith,* 12 Kan.App.2d 38, 733 P.2d 839, 840 (1987) (holding that the "strict regulatory policy expressed" in the statute would be "rendered less than strict if private clubs could pass on the costs of 'unknowing' violations to minors in suits for fraud" and allowing the club to recover the penalties imposed for the violation would undermine the legislature's policy of imposing an absolute duty upon the club); *Ray's Liquors, Inc. v. Newland,* 52 Ill.App.3d 680, 10 Ill.Dec. 373, 367 N.E.2d 982, 983–985 (1977) (holding that a liquor store's fraud action against a minor was barred by public policy because, under the Illinois statutes, the liability of the store was not excused by its mistake as to the validity of the minor's identification and "the intended purpose of the Liquor Control Act would be thwarted if licensees in the liquor industry were permitted to pass on the costs which accrue to them as a result of a violation of liquor control laws by a sale to the minor who misrepresents his age").[5]

---

5. The parties also discuss three trial court decisions. *See OSJ, Inc. v. Work,* 180 Misc.2d 804, 691 N.Y.S.2d 302 (N.Y.Sup.Ct.1999), *aff'd* 273 A.D.2d 721, 710 N.Y.S.2d 666

Although Indiana courts have not addressed the specific public policy issue presented here, this court addressed similar public policy arguments in *Rimert v. Mortell*, 680 N.E.2d 867 (Ind.Ct.App.1997), *trans. denied*. There, a patient with a psychiatric illness filed a medical malpractice action against his physician after the patient was charged with four counts of murder and found guilty but mentally ill. *Id.* at 869. The physician settled the patient's claim, and the patient filed a petition for payment of damages from the Patient's Compensation Fund. *Id.* The trial court denied the petition, and, on appeal, we noted that:

It is a general rule of public policy that "a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party ... [or] ... on a violation by himself of the criminal or penal laws...." 1A C.J.S. Actions § 29 (1985). This rule is based upon the sound policy objective that those who knowingly and intentionally engage in serious illegal acts should not be able to impose liability upon others for the consequences of their own behavior. Many jurisdictions have employed this general rule to bar actions seeking damages which were a direct result of the injured party's knowing and intentional participation in a criminal act.

\* \* \* \* \*

This prohibition against actions based in whole or in part upon one's own criminal conduct is grounded upon the sound public policy that convicted criminals should not be permitted to impose or shift liability for the consequences of their own antisocial conduct. While Indiana has not expressly adopted the above policy, a bar against such actions is entirely consistent with the public policy expressed by our legislature and in our case law.

*Id.* at 871–872, 873 (internal citations omitted).

Consequently, we held that:

[T]he rule against actions based upon or involving a plaintiff's criminal act is correlative with Indiana's public policy against permitting one to profit from his or her wrongdoing. Each embodies the principle that one who is responsible for the commission of a criminal or wrongful act must exclusively bear his or her share of the responsibility for the act, and may not evade that responsibility either through gaining some profit for the act or shifting liability for the act to another. We therefore hold it to be the public policy of this state that an individual who has been convicted of a crime should be precluded from imposing liability upon others, through a civil action, for the results of his or her own criminal conduct. Consequently, a person may not maintain an action if, in order to establish the cause of action, he or she must rely, in whole or in part, upon an illegal act or transaction to which he or she is a party or upon a violation by him or herself of the criminal laws.

*Id.* at 874. However, we also recognized an important limitation to the public policy bar "when it is unclear whether the plaintiff is in fact legally responsible for the

(2000); *Faces, Inc. v. Kennedy,* 185 N.J.Super. 113, 447 A.2d 592 (Law Div.1981), *aff'd* 185 N.J.Super. 77, 447 A.2d 572 (App.Div.1982); *Worcester Main South, Inc. v. Delgado,* 14 Mass. L. Rptr. 425, 2002 WL 765801 (Mass.Super.Ct.2002). However, it is inappropriate to cite trial court decisions. *Ind. Dep't of Natural Res. v. United Minerals, Inc.,* 686 N.E.2d 851, 857 n. 1 (Ind.Ct.App.1997), *trans. denied.* Consequently, we do not rely upon these decisions.

criminal act in question." *Id.* For example, the patient in *Rimert* was found guilty but mentally ill, and we determined that this verdict indicated that he "possess[ed] full criminal responsibility for the killings." *Id.* at 876. Thus, we concluded that the limitation was not applicable. *Id.* However, we noted that if the patient had been found not guilty by reason of insanity, he would bear no criminal responsibility for his acts and his civil action could not be barred by public policy. *Id.* at 874–875.

At this early stage of the Club's litigation against the Minors, the exact nature of the charges against the Club by the IATC and the State of Indiana is unclear. Further, it is unclear whether the Club will be fined or sanctioned by the IATC or whether the Club or its employees were charged with any crimes. Thus, it is unclear whether the public policy expressed in *Rimert* is applicable.

Further, Ind.Code § 7.1–1–1–1 (Supp. 2003) provides that the general purposes of the Act are:

(1) To protect the economic welfare, health, peace, and morals of the people of this state.

(2) To regulate and limit the manufacture, sale, possession, and use of alcohol and alcoholic beverages.

(3) To regulate the sale, possession, and distribution of tobacco products.

(4) To provide for the raising of revenue.

These general purposes are furthered by both the Club's arguments and the Minors' arguments. We recognize the public policy of placing the burden of enforcing the underage drinking laws upon the taverns because the tavern is in the best position to prevent the violation and the public policy of barring the Club from shifting the liability for its own illegal actions to the Minors. However, we also recognize the competing public policy that the Mi-

nors should be held accountable for their actions. The Minors here used fraudulent identifications and written statements regarding their age to induce and encourage the Club to allow them access to the tavern. With the enactment of the defense for permittees, our legislature has recognized that, despite best efforts to prevent minors from entering a tavern, advances in technology have allowed the production of realistic false identifications. If the evidence presented to the small claims court demonstrates that the Club allowed the Minors access in reasonable reliance upon the fraudulent identifications and written statements and the Club did not participate in an illegal transaction, then public policy should not prevent the ultimate cost from being borne by the Minors who set this situation into motion. Thus, we conclude that the small claims court erred by dismissing the Club's action on public policy grounds.

We conclude that the Club's complaint states a claim for fraud against the Minors and is sufficient to survive an Ind. Trial Rule 12(B)(6) challenge. This matter may become appropriate for summary judgment. However, at this stage of the proceedings, looking at the complaint in the light most favorable to the Club with every inference drawn in its favor, we must conclude that the allegations in the Club's complaint state a claim upon which relief may be granted and we cannot say that the Club's action is barred by public policy. Consequently, the small claims court erred by granting the Minors' motion to dismiss. *See, e.g., Civil Rights Comm'n v. County Line Park, Inc.,* 738 N.E.2d 1044, 1050–1051 (Ind.2000) (holding that the trial court erred by granting the defendants' motion to dismiss).

For the foregoing reasons, we reverse the small claims court's grant of the Mi-

nors' motion to dismiss and remand for proceedings consistent with this opinion.

Reversed and remanded.

DARDEN, J., and ROBB, J., concur.