William NOLAN, Appellant–Plaintiff,

v.

CITY OF INDIANAPOLIS,
Appellee–Defendant.

No. 49A02–1002–CT–192.

Court of Appeals of Indiana.

Sept. 15, 2010.

Scott A. Weathers, Travis W. Montgomery, Indianapolis, IN, Attorneys for Appellant.

Justin F. Roebel, Office of Corporation Counsel, Assistant Corporation Counsel, Indianapolis, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Senior Judge.

### *STATEMENT OF THE CASE*

Plaintiff–Appellant Nolan appeals the trial court's entry of summary judgment in favor of Defendant–Appellee City of Indianapolis ("City").

### *ISSUE*

Nolan presents two issues for our review, which we consolidate into one: whether the holding of this Court, in the appeal of a criminal case, that Nolan's arrest was lawful precludes Nolan from relitigating that issue in a civil case brought by him for false arrest and false imprisonment. We hold that it does and affirm.

### *FACTS AND PROCEDURAL HISTORY*

On March 3, 2008, Officer Ball was investigating activity at a motel. He ran the license plate numbers of several automo-

biles in the parking lot, and the plate search revealed that one was registered to Nolan. Officer Ball obtained the motel's guest registry and compared the names on the registry with the names on the vehicle registrations. The motel registry listed Nolan with his date of birth and his driver's license number. Using this information, Officer Ball ran a check on Nolan and found an open warrant for auto theft. Although the warrant listed Nolan as a black male, other results of Officer Ball's search listed Nolan as a white male, and the driver's license number, social security number, and date of birth matched Nolan's. Due to the discrepancy, Officer Ball requested the control operator to verify the information in the warrant. After checking, the control operator verified the warrant. Based upon this information, Officer Ball went to Nolan's motel room. Officer Ball knocked on the door, and a white male looked out the window from behind the curtain. Officer Ball stated that he needed to speak to the man. Although the man closed the curtain, Officer Ball was able to view the man move something from across the room to the top of the heating/air conditioning unit and then place a bag on top of the item. When the man opened the door, Officer Ball asked if he was William Nolan. The man said he was, and Officer Ball placed him under arrest. At that time, Officer Ball looked down and saw a marijuana cigarette. He then looked on top of the heating/air conditioning unit where he had seen Nolan place something. Underneath the bag Nolan had placed there was a plastic bag of marijuana.

Based upon this incident, Nolan was charged with possession of marijuana. He filed a motion to suppress the marijuana recovered from his motel room, which was initially denied. Prior to trial, however, the trial court reconsidered the motion and granted the suppression. The State appealed the trial court's suppression of the evidence to this Court, and, in a memorandum opinion, a panel of this Court reversed the trial court's suppression of the marijuana evidence. *State v. Nolan*, No. 49A02–0903–CR–215, 2009 WL 3415311 (Ind.Ct.App. Oct. 23, 2009). Nolan requested transfer of that decision to the Supreme Court, but his request was denied. Although Nolan's criminal case is not a part of the present case, it is relevant to this appeal.

Following Nolan's arrest in his motel room, it was determined that he was not the William Nolan for whom the auto theft warrant had been issued. Consequently, he filed a complaint against the City, and other parties that are not party to this appeal, alleging civil actions of false arrest and false imprisonment. The City filed a motion for summary judgment, which the trial court granted following a hearing. This appeal ensued.

### DISCUSSION AND DECISION

■ On appeal from a grant or denial of summary judgment, our standard of review is identical to that of the trial court: whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Winchell v. Guy*, 857 N.E.2d 1024, 1026 (Ind.Ct.App.2006); *see also* Ind. Trial Rule 56(C). Appellate review of a summary judgment motion is limited to those materials designated to the trial court. *Pond v. McNellis*, 845 N.E.2d 1043, 1053 (Ind.Ct.App.2006), *trans. denied*, 860 N.E.2d 590. All facts and reasonable inferences drawn therefrom are construed in favor of the nonmovant. *Id.* Further, we carefully review a summary judgment determination to ensure that a party has not been improperly denied its day in court. *Id.* The trial court's grant of summary judgment is clothed with a presumption of

validity. *Monon Corp. v. Townsend, Yosha, Cline & Price,* 678 N.E.2d 807, 809 (Ind.Ct.App.1997). The party appealing the judgment carries the burden of persuading this court that the trial court's decision is erroneous. *Wells v. Auto Owners Ins. Co.,* 864 N.E.2d 356, 358 (Ind.Ct. App.2007).

Nolan contends that summary judgment for the City was improper. Conversely, the City alleges that the grant of summary judgment was proper because collateral estoppel applies in this case. Specifically, the City claims that Nolan is estopped from relitigating the legality of his arrest in the present case because this Court has previously determined in Nolan's criminal proceeding that his arrest was legal.

Collateral estoppel is a bar to subsequent litigation of a fact or issue which was adjudicated in previous litigation if the same fact or issue is presented in a subsequent lawsuit. *Pritchett v. Heil,* 756 N.E.2d 561, 565 (Ind.Ct.App.2001). The former adjudication will be conclusive in the subsequent action even if the two actions are on different claims. *Id.* However, the former adjudication will be conclusive only as to those issues which were actually litigated and determined therein. *Id.* A two-part analysis determines whether collateral estoppel should be employed in a particular case: (1) whether the party against whom the former adjudication is asserted had a full and fair opportunity to litigate the issue and (2) whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel in the current action. *Id.*

In determining whether the use of collateral estoppel is appropriate in the present case, we first determine what the former judgment decided and then examine how that determination bears on this case. The former decision here dealt with the question of whether the trial court erred by granting Nolan's motion to suppress the marijuana evidence obtained during the execution of the auto theft arrest warrant. In support of his motion to suppress, Nolan had argued to the trial court that his arrest was illegal because the arrest warrant indicated that its subject was a black male. The trial court magistrate conducted a hearing on Nolan's motion, which the magistrate later denied. Prior to trial, however, the trial court judge reconsidered Nolan's motion to suppress and granted the motion. Accordingly, the crux of our prior decision was whether the arrest of Nolan was lawful. If Nolan's arrest was lawful, the search incident to that arrest which produced the marijuana was lawful. In our former decision, we examined the lawfulness of Nolan's arrest pursuant to both the Fourth Amendment and Article 1, Section 11 of the Indiana Constitution. We concluded that the arrest of Nolan was lawful because the uncontradicted evidence demonstrated that Officer Ball had a reasonable belief that Nolan was the subject of the arrest warrant, despite the race discrepancy in the warrant, in light of the other identifying information.

At issue in the case at hand, is whether Nolan was subjected to a false arrest. Where an arrest is pursuant to a warrant, and the person arrested is not the person actually sought in the warrant, the warrant necessarily does not provide lawful authority for the person's arrest. *Delk v. Board of Com'rs of Delaware County,* 503 N.E.2d 436, 439 (Ind.Ct.App.1987). However, if the arresting officer has exercised reasonable diligence and care in ascertaining the identity of the person sought before serving the warrant, the affirmative defense of good faith can provide a shield from liability for an unlawful arrest based upon mistaken identity. *Id.* Whether the arresting officer used due

diligence and reasonably believed the person arrested was the person intended by the warrant is generally a question of fact. *Id.*

We determined in the criminal case appeal that the uncontradicted evidence demonstrated that, in light of all the circumstances, Officer Ball had a reasonable belief Nolan was the subject of the arrest warrant. Thus, the panel determined that Nolan's arrest was lawful. As a result, the issue of the legality of Nolan's arrest was necessarily litigated in that appeal. Consequently, in the present case, Nolan is collaterally estopped if: (1) he had a full and fair opportunity to litigate the issue of the lawfulness of his arrest in the appeal to this Court in his criminal case and (2) it is not otherwise unfair under the circumstances to permit the use of collateral estoppel.

We conclude that Nolan had a full and fair opportunity to litigate the lawfulness of his arrest in his criminal case on appeal to this Court. As a party to the appeal, Nolan had the opportunity to defend the trial court's grant of his motion to suppress and argue against reversal. Further, he had every incentive to vigorously defend the trial court's decision because if the trial court's grant of his motion to suppress the marijuana was upheld, the criminal charges against him would be foreclosed.

Moreover, it is not otherwise unfair to permit the use of collateral estoppel in this case. In the criminal appeal, this Court reviewed the trial court's grant of Nolan's motion to suppress under a negative judgment standard, a standard favorable to Nolan. Although differing burdens of proof can preclude the results reached in a criminal proceeding from being used for collateral estoppel purposes in civil cases, some Indiana cases suggest that such an application of collateral estoppel would be permissible in circumstances where the burden of proof employed by a criminal proceeding would not cast doubt on the reliability of estoppel. *See, e.g., In Re the Commitment of Heald,* 785 N.E.2d 605, 612 (Ind.Ct.App.2003), *trans. denied; Turner v. Estate of Turner,* 454 N.E.2d 1247, 1249 n. 2 (Ind.Ct.App.1983).

■ When the State appeals the trial court's grant of a defendant's motion to suppress evidence, the State is appealing from a negative judgment and therefore has the burden to demonstrate that the measures it used to seize the evidence were constitutional. *State v. Davis,* 770 N.E.2d 338, 340 (Ind.Ct.App.2002). To fulfill this burden, the State must demonstrate that the evidence is without conflict and that the evidence and all reasonable inferences flowing therefrom lead to a conclusion opposite that of the trial court. *Id.* This Court may not weigh the evidence or judge the credibility of the witnesses, and we consider only the evidence most favorable to the trial court's judgment. *Id.* This is a more stringent standard than the preponderance of evidence standard that would be used to determine the lawfulness of the arrest in the civil case. Under these circumstances, the application of collateral estoppel is not unfair.

Finally, we address Nolan's reliance on *Street v. Shoe Carnival, Inc.,* 660 N.E.2d 1054 (Ind.Ct.App.1996). Although never using the term "collateral estoppel," the *Street* case is, in substance, a determination of the application of collateral estoppel. Rather than using the term or applying the two-step analysis of collateral estoppel, the Court addressed the use of a probable cause determination in a criminal proceeding as prima facie evidence of probable cause in a subsequent civil proceeding.

In *Street,* Street and her friend filed a civil action against Shoe Carnival alleging,

among other things, false imprisonment after criminal theft charges had been filed against them. In the criminal case, the State filed charges against Street and her friend based merely upon the information provided by the loss prevention manager of Shoe Carnival. Then, based upon this charging information, a trial judge found probable cause to detain Street and her friend. As a result of the criminal court's finding of probable cause to detain the women, Shoe Carnival moved for summary judgment in the civil case. The trial court granted summary judgment in favor of Shoe Carnival.

On appeal, Shoe Carnival argued that the judicial finding of probable cause in the criminal proceeding was prima facie evidence of the existence of probable cause in the civil case and that the prima facie case could only be rebutted by evidence that showed the finding of probable cause was induced by false testimony or fraud. The majority, while recognizing the general rule, reversed the trial court's grant of summary judgment. It did so based upon an 1895 case, *Louisville, New Albany and Chicago Railway Co. v. Hendricks,* 13 Ind. App. 10, 40 N.E. 82 (1895), in which it was held that where an examining court found probable cause to bind over the defendant to the circuit court based on the charging affidavit:

> the finding of the examining court is at the most but prima facie evidence of the existence of probable cause, and that to rebut this prima facie case it is not necessary to attack that judgment as procured by fraud. All that can be required on trial is the exhibition of such a state of facts as will fairly rebut and overcome this finding in the minds of the jury.

*Id.*

We find *Street* does not apply to this case. We have here no preliminary find-ing based on charges only; rather, we have a judicial determination of lawful arrest by this Court in review of a trial court determination following a hearing where the facts pertinent to the issue were heard and determined. Nolan has put forth neither evidence of false testimony or fraud, nor any additional evidence relevant to the determination that the arrest was lawful. Thus, we conclude that it was correct to grant summary judgment in favor of City.

### CONCLUSION

Based upon the foregoing, we conclude that collateral estoppel applies in this case to preclude Nolan from relitigating the lawfulness of his arrest. Accordingly, the trial court properly entered summary judgment for City.

Affirmed.

DARDEN, J., and MAY, J., concur.