Tammy ROBINS, Appellant–Plaintiff,

v.

William HARRIS, as Sheriff of Vigo County, C. Joseph Anderson, James Diehl, Bill Decker, as Commissioners of Vigo County, Indiana, and Michael Soules, Appellees–Defendants.

No. 84A01–0002–CV–57.

Court of Appeals of Indiana.

Feb. 9, 2001.

William G. Brown, Brown & Somheil, Brazil, IN, Attorney for Appellant.

James S. Stephenson, Stephenson Daily Morow & Kurnik, Indianapolis, IN, Attorney for Appellees William Harris, C. Joseph Anderson, James Diehl and Bill Decker.

Edward Liptak, Bloomington, IN, Attorney for Appellee Michael Soules.

## OPINION ON REHEARING

BAKER, Judge

In this case, an inmate of the Vigo County Jail sued Sheriff William Harris and the Commissioners of Vigo County for a sexual assault committed by a jailer, Michael Soules. In addressing her claim, we unanimously[1] held, "As a result of an inmate's substantial dependency and the extraordinary control jailers wield over prisoners ... inmates are not precluded from recovering damages from a sheriff for injuries suffered by intentional wrongful acts of jail employees." *Robins v. Harris,* 740 N.E.2d 914, 918 (Ind.Ct.App.2000). The county commissioners, unlike Sheriff Harris, were free from liability because they were not responsible for administering Robins's incarceration. *Id.* at 919.

Appellee-petitioner Sheriff Harris has requested rehearing of the case, which we grant for the limited purpose of clarifying our original opinion. In support of his petition for rehearing, Sheriff Harris contends that we failed to address whether the jailer acted within the scope of his employment when he engaged in the sex act. Appellee's petition for rehearing at 15.

However, as our supreme court has held, an employee acting within the scope of his employment is not the sole basis for which an employer may be held liable for an employee's tort. *See Stropes v. Heritage House Childrens Center of Shelbyville, Inc.,* 547 N.E.2d 244, 253 (Ind.1989). Rather, "the employer can be held respon-

sible for any violation by its employee of the carrier's non-delegable duty to protect the passenger, *regardless of whether the act is within the scope of employment.*" *Id.* (emphasis supplied). Here, liability was predicated on the inmate's complete inability to control her environment coupled with the sheriff's extraordinary ability to control her environment and his responsibility for her care. *Robins,* 740 N.E.2d at 918. Therefore, once we determined that Sheriff Harris owed a nondelegable duty of care to Robins, we were not required to address whether Soules acted within the scope of his employment when the sex act took place.

This case is remanded to the trial court for further proceedings not inconsistent with this opinion or our earlier opinion.

VAIDIK, J., concurs.

SHARPNACK, C.J., concurs with opinion.

SHARPNACK, C.J., concurring separately.

I concur in the opinion on rehearing insofar as it relates to our decision concerning the nondelegable duty of the Sheriff. I continue to dissent on the issue of consent as a defense to the battery claim.

---

1. Chief Judge Sharpnack concurred with the resolution of all issues except the issue of whether Sheriff Harris may raise consent as a defense to Robins's claim. *Robins v. Harris,* 740 N.E.2d 914, 919 (Ind.Ct.App.2000) (Sharpnack, C.J., concurring in part and dissenting in part).