**Tammy ROBINS, Plaintiff–Appellant,**

**v.**

**William HARRIS, as Sheriff of Vigo County, C. Joseph Anderson, James Diehl, Bill Decker, as Commissioners of Vigo County, Indiana, and Michael Soules, Defendants–Appellees.**

No. 84S01–0106–CV–00315.

Supreme Court of Indiana.

June 6, 2002.

William G. Brown, Brown & Somheil, Brazil, IN, Attorney for Appellant.

James S. Stephenson, Stephenson, Daly, Morow & Kurnik, Indianapolis, IN, Attorney for Appellees, William Harris, C. Joseph Anderson, James Diehl, Bill Decker.

Edward Liptak, Bloomington, IN, Attorney for Appellee, Michael Soules.

On Petition To Transfer

DICKSON, Justice.

In this personal injury case, the plaintiff-appellant, Tammy Robins, sought damages, alleging that deputy Michael Soules sexually assaulted her while she was an

inmate at the Vigo County Jail.[1] The trial court granted summary judgment for the Sheriff and the County Commissioners. The Court of Appeals affirmed summary judgment for the Commissioners, but reversed summary judgment for the Sheriff and directed the entry of partial summary judgment for Robins, holding "that Sheriff Harris is liable for the assault committed by Soules against Robins and that the Commissioners are not liable for Robin's alleged injuries." *Robins v. Harris*, 740 N.E.2d 914, 919 (Ind.Ct.App.2000), *aff'd on reh'g*, 743 N.E.2d 1142 (Ind.Ct.App.2001). Chief Judge Sharpnack dissented from both the original majority opinion and the opinion after rehearing on the issue of consent as a defense to the battery claim. 740 N.E.2d at 919–20, 743 N.E.2d at 1143. The Sheriff petitioned for transfer, which we granted, *Robins v. Harris*, 753 N.E.2d 17 (Ind.2001)(table), thereby automatically vacating the opinion of the Court of Appeals pursuant to Indiana Appellate Rule 58(A).

Six months after filing his petition for transfer, the Sheriff and the County Commissioners filed a Motion to Dismiss Appeal, reporting that "the parties have entered into a settlement agreement, terminating this litigation" and that the attorneys for appellant Tammy Robins and appellee Michael Soules have authorized the dismissal pursuant to settlement. Having previously granted transfer for the purpose of addressing the issue of consent as a defense, thereby vacating the opinion of the Court of Appeals and transferring jurisdiction of this appeal to this Court, we now summarily affirm[2] the original and rehearing opinions of the Court of Appeals except as to the availability of consent as a defense to the claim of battery, and we grant the motion to dismiss the appeal.

The appeal is dismissed.

SHEPARD, C.J., and BOEHM and RUCKER, JJ., concur.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Justice, dissenting.

Although the majority's opinion dismisses this appeal, the effect of it is to affirm summarily the opinion of the Court of Appeals in this case on all issues except for its analysis of the availability of consent as a defense to the plaintiff's claim of battery. Because I agree with the Court of Appeals on this issue, I respectfully dissent.

In this case, plaintiff Robins sued a county jail officer named Soules, the county sheriff, and the county commissioners alleging that they were liable for injuries she suffered when Soules sexually assaulted her while she was an inmate in the county jail. Soules had previously pled guilty to Official Misconduct as a Class A misdemeanor in exchange for the dismissal of a charge of Sexual Misconduct by a Service Provider, a Class D felony. One of the issues addressed by the Court of Appeals in its opinion was the availability of consent as a defense to Robins's sexual assault claim. On that issue, the Court of Appeals said:

> We also note that consent is not available has a defense to Robins's sexual assault claim. Under I.C. § 35–44–1–5(b), a service provider may not claim consent as a defense for sexual miscon-

---

1. Soules admitted to the sexual conduct and pled guilty to official misconduct, a class A misdemeanor. Soules did not join the other defendants' motion for summary judgment. For additional facts, see the Court of Appeals decision, *Robins v. Harris*, 740 N.E.2d 914 (Ind.Ct.App.2000).

2. App.R. 58(A).

duct with a detainee. Given Robins's general lack of autonomy as an inmate, it would be incongruous to withhold the defense of consent in the criminal context but to allow Soules the defense in a civil claim.

*Robins v. Harris,* 740 N.E.2d 914, 917 (Ind.Ct.App.2000). I agree with this analysis.

Our Legislature has made a public policy determination that the position of authority a jailer holds over a prisoner dictates that there be no exception for consent in our criminal law to the rule against sexual contact between jailer and prisoner. Our state's civil law should further the public policy objective the Legislature has adopted in the criminal context.