BYRON K. BREASTON, Appellant-Plaintiff,
v.
SHERIFF MICHAEL BOOKS, Appellee-Defendant.
No. 20A03-0601-CV-21
Court of Appeals of Indiana.
August 23, 2006
BYRON K. BREASTON, Goshen, Indiana, APPELLANT PRO SE.
MICHAEL F. DeBONI, SARA J. MacLAUGHLIN, Yoder Ainlay Ulmer & Buckingham, Goshen, Indiana, ATTORNEY FOR APPELLEE.

MEMORANDUM DECISION
SHARPNACK, Judge.
Byron K. Breaston appeals the small claims court's judgment in favor of Elkhart County Sheriff Michael Books on Breaston's complaint. Breaston raises two issues, which we consolidate and restate as whether the small claims court's judgment in favor of Books is clearly erroneous. We affirm.
The relevant facts follow. In December 2003, Breaston was an inmate in the Elkhart County Jail. While working in the kitchen, Breaston complained about an instruction given to him by Nancy Truex, the Director of Food Services for the Jail. Truex took Breaston by his shirt collar and escorted Breaston to the booking area.
Breaston later filed a small claims court complaint against Books and alleged that Truex grabbed him by the collar of his shirt, pulling him forward toward her, and became "combative, loud and physically aggressive." Appellee's Appendix at 5. Breaston alleged that he had suffered "pain, mental anguish, [and] emotional distress" and requested damages in the amount of "the maximum allowed for an individual by statute." Id. at 6.
Because Breaston was incarcerated, the small claims court directed the parties to "file their respective cases by affidavit which the Court will review and then determine whether it is necessary to set the matter for trial." Id. at 2. Breaston submitted an affidavit, which provided in pertinent part: "[On] December of 2003 the eighteenth day I Byron [K.] Breaston was assaulted by Nancy Truex the Elkhart County kitchen director, while working as a kitchen trustee." Id. at 13. Breaston's affidavit makes no other factual assertions. In response, Truex submitted an affidavit, which provided in pertinent part:
* * * * *
4. Mr. Breaston refused to comply with my instructions concerning the buns and continued to complain. Thereafter, I took hold of Mr. Breaston's shirt with my hand and told him to be quiet. Mr. Breaston then stated that he wanted to see an officer and I escorted him to the Booking area.
5. When I escorted Mr. Breaston to the Booking area I told the Booking Officer that I did not want Mr. Breaston back in the kitchen. It was a privilege for the inmates to be trusted to work in the kitchen and Mr. Breaston abused this privilege by not being able to take orders.
6. I grabbed Mr. Breaston's shirt because I did not believe that he was going to stop arguing with me and I needed to get his attention.
7. Other than grabbing Mr. Breaston's shirt I did not touch or strike him in any manner. Mr. Breaston suffered no physical injury as a result of this incident.
Id. at 25.
The small claims court then entered the following findings of fact and conclusions thereon:
* * * * *
7. In the instant case, Mr. Breaston alleged that he was assaulted; however, he has offered nothing additional to support the bare allegation of assault. With respect to civil liability in Indiana, an assault is effectuated when one acts intending to cause harmful or offensive contact with a person or an imminent apprehension of such contact. See, e.g., Cullison v. Medley, 570 N.E.2d 27, 30 (Ind. 1991). On the other hand, [Books] offers the affidavit of Nancy Truex which explains the incident at issue in context. Mr. Breaston was incarcerated at the time of the incident he complains of, he was under the supervision of Nancy Truex, who was the Director of Food Services at the Elkhart County Jail and in a position of authority while supervising inmates in the kitchen, and Mr. Breaston disobeyed a directive given to him by Ms. Truex. In order to regain control of the situation and get Mr. Breaston's attention, Ms. Truex responded to Mr. Breaston's recalcitrant behavior by taking hold of his shirt collar with her hand and escorting him to the booking area to speak with an officer. (Affidavit of Nancy Truex, paragraph 4).
8. Based on the foregoing evidence, the Court hereby finds that Mr. Breaston has failed to carry his burden of proof. Any amount of force used by Ms. Truex upon Mr. Breaston was de minimis, was reasonable under the circumstances, and did not constitute assault. . . .
* * * * *
IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that the Court has reviewed all the evidence submitted and determines that [Breaston] has failed to prove his case. Accordingly, judgment is hereby entered in favor of [Books].
Id. at 30.
The issue is whether the small claims court's judgment in favor of Books is clearly erroneous.[1] In reviewing small claims court judgments, we do not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." City of Dunkirk Water & Sewage Dept. v. Hall, 657 N.E.2d 115, 116 (Ind. 1995). "In determining whether a judgment is clearly erroneous, the appellate tribunal does not reweigh the evidence or determine the credibility of witnesses but considers only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence." Id.
On appeal, Breaston appears to argue that Books was negligent and discusses duty, foreseeability, and proximate cause, but a negligence claim was not presented to the small claims court. Additionally, Breaston argues that Ind. Code § 36-2-13-5(a)(7) and Article I, Section 13 of the Indiana Constitution were violated in some manner, but these arguments were not presented to the small claims court. Lastly, Breaston appears to argue that Books should have answered discovery regarding his claim. Ind. Small Claims Rule 6 provides: "Discovery may be had in a manner generally pursuant to the rules governing any other civil action, but only upon the approval of the court and under such limitations as may be specified. The court should grant discovery only upon notice and good cause shown and should limit such action to the necessities of the case." The CCS does not indicate that Breaston requested approval of the small claims court to conduct discovery. An appellant who presents an issue for the first time on appeal under these circumstances waives the issue for purposes of appellate review. Breneman v. Slusher, 768 N.E.2d 451, 463 (Ind. Ct. App. 2002), reh'g denied, trans. denied. Consequently, Breaston has waived these arguments.
The general basis of Breaston's claim appears to be that Books was liable for Truex's assault upon Breaston. Under the vicarious liability theory of respondeat superior, "an employer is liable for the acts of its employees which were committed within the course and scope of their employment." L.N.K. ex rel. Kavanaugh v. St. Mary's Medical Center, 785 N.E.2d 303, 307 (Ind. Ct. App. 2003), trans. denied. Further, Indiana courts have held that "inmates are not precluded from recovering damages from a sheriff for injuries suffered by intentional wrongful acts of jail employees." Robins v. Harris, 740 N.E.2d 914, 918 (Ind. Ct. App. 2000), summarily affirmed in pertinent part by Robins v. Harris, 769 N.E.2d 586, 587 (Ind. 2002). In Cullison v. Medley, 570 N.E.2d 27, 30 (Ind. 1991), the Indiana Supreme Court held that an assault "is effectuated when one acts intending to cause a harmful or offensive contact with the person of the other or an imminent apprehension of such contact." The "apprehension must be one which would normally be aroused in the mind of a reasonable person." Cullison, 570 N.E.2d at 30.
On this issue, the small claims court found that Breaston presented absolutely no evidence in support of his claim except for his bare assertion that Truex "assaulted" him. Appellee's Appendix at 13. On the other hand, Books presented evidence that, when Breaston disobeyed Truex, Truex merely "responded to Mr. Breaston's recalcitrant behavior by taking hold of his shirt collar with her hand and escorting him to the booking area to speak with an officer." Id. at 29. The small claims court found that "[a]ny amount of force used by Ms. Truex upon Mr. Breaston was de minimis, was reasonable under the circumstances, and did not constitute assault." Id.
On appeal, Breaston presents absolutely no argument and cites no authority demonstrating that the small claims court's findings on this issue were clearly erroneous. Moreover, we find Moore v. Hosier, 43 F.Supp.2d 978 (N.D. Ind. 1998), instructive. There, the inmate argued that jail officers assaulted him when he was strapped to a chair, beaten about his face and body, and placed in a shower to remove pepper spray from his body. Moore, 43 F.Supp.2d at 988. The district court granted summary judgment to the officers on the inmate's assault claim, holding:
The facts and evidence discussed above, including the videotape, reveal that [the inmate] was indeed "manhandled" by the officers. However, the pepper spray and restraining chair were used to subdue [the inmate], who was being uncooperative and who by all accounts was acting strangely while held at the [jail]. As Defendants point out, "'[m]aintaining institutional security and preserving institutional order are essential goals that may require limitation or retraction of the retained rights of both convicted prisoners and pretrial detainees.'" Defendants' Brief, p. 17 (quoting Bell[v. Wolfish, 441 U.S. 520, 546, 99 S.Ct. 1861 (1979)]). Under the circumstances of the present case, while the officers' treatment of [the inmate] may have been somewhat rough, it was clearly not unnecessary or unprovoked. There is clearly quite a difference between using reasonable force to subdue an inmate and committing the intentional tort of battery against that inmate. The evidence reveals that it was the former situation that occurred when certain of the Defendants handcuffed [the inmate] and strapped him in a restraining chair. Accordingly, the Defendants' are entitled to summary judgment on [the inmate's] claim for assault and battery.
Id. at 989.
Breaston has failed to demonstrate clear error in the small claims court's finding that Truex did not commit assault by grabbing Breaston's shirt collar and escorting him to the booking area. We conclude that the judgment in favor of Books is not clearly erroneous. See, e.g., id.; Crawford v. City of Muncie, 655 N.E.2d 614, 622 (Ind. Ct. App. 1995) (holding that the trial court properly granted summary judgment on the inmate's battery claim where the officer's undisputed evidence indicated that any injury to the inmate's hand could not have been caused by the officer striking the inmate during his arrest and the inmate failed to designate any evidence of a genuine issue of material fact and again relied upon the allegations in his complaint), reh'g denied, trans. denied.
For the foregoing reasons, we affirm the judgment in favor of Books.
Affirmed.
NAJAM, J. and ROBB, J. concur.
NOTES
[1] Breaston repeatedly contends that the small claims court improperly granted summary judgment to Books. However, a review of the record makes it clear that the small claims court did not grant summary judgment to Books; rather, the small claims court entered judgment on the merits based upon the affidavits submitted by the parties.